WICKER, Judge.
The defendant, Jimmy Gauthe, pleaded guilty to La.R.S. 14:67 (theft), a misdemeanor charge. He reserved his right to appeal the court’s denial of his motion to quash the bill of information, under State v. Crosby, 338 So.2d 584 (La.1976). We vacate the plea and sentence and remand this matter for further proceedings.
Gauthe was arrested on January 1, 1985, for theft of merchandise valued at $27.82 from a K-Mart store. The State charged him by bill of information on June 6, 1985, and issued a subpoena to him for his arraignment directed to the address he furnished at the time of his arrest. The sheriff’s return came back three times with the notations “no answer”, “no one by that name”, and “no one by that name.” When Gauthe did not appear for arraignment on August 26, 1985, the court issued an attachment for him.
Gauthe was finally arraigned on May 26, 1987, only because he happened to be in court on another matter. He pleaded not guilty and was given a trial date of June 25, 1987. The court charged him with contempt for failure to appear at his earlier arraignment but deferred sentencing until his trial. The record shows that Gauthe was required to read into the record his notice of trial and that he did so.
Nevertheless, he did not appear at trial; and an attachment was again issued for his arrest. He was arrested and finally brought into court on October 22, 1987. When questioned about his failure to appear for trial in June, he attempted to excuse his non-appearance by saying, “I never got a subpoena for me to show up in Court on the thing. That’s why I never came.” He reiterated the same excuse until the judge confronted him with the record of the previous proceeding where Gauthe read aloud his trial notice. At that point Gauthe admitted, “I just, uh ... I didn’t came (sic).”
On the date of his trial, through his appointed counsel, Gauthe moved to quash the bill of information because of untimely prosecution. The prosecution argued that a defendant has an obligation to inform the court of any change of address; and the judge, agreeing, denied the motion to quash.[1] Gauthe then pleaded guilty. He argues on appeal that “it was error for the lower court to fail to quash the bill of *1195 information since the prosecution was untimely.”
La.C.Cr.P. art. 578(3) mandates that the trial of a misdemeanor take place within one year from the institution of the prosecution, in this case within one year from the filing of the bill of information. This prosecution was untimely, unless that time limitation was interrupted under one or more of the provisions of La.C.Cr.P. art. 579.
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
We hold that the record reflects the prosecution met its heavy burden of proving interruption. State v. Stokes, 433 So.2d 96 (La.1983); State v. Kraft, 501 So.2d 313 (La.App. 5th Cir.1987), writ den. 505 So.2d 1140 (La.1987). The record reflects that Gauthe has moved frequently, has never had a work address, and has failed to advise the court of his many changes of address. We conclude that “his presence for trial [could not] be obtained by legal process” and that this was “beyond the control of the state_” La.C.Cr.P. art. 579, subd. A(2).
We have reviewed this record for errors patent in accordance with La.C.Cr.P. art. 920 and have found one which requires that we vacate the plea and sentence. In order for his guilty plea to be valid, a defendant must be advised of the constitutional rights being waived: the privilege against self-incrimination, the right to be tried by jury[2] and to confront one’s accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (La.1971), writ granted 260 La. 279, 255 So.2d 769 (La.1972); State v. Jones, 517 So.2d 402 (La.App. 5th Cir.1987). Gauthe was advised only of his “right to have this matter tried” and of his right to appeal the denial of his motion to quash. This is insufficient, incomplete “Boykinization”; and Gauthe’s guilty plea and resultant sentence must be vacated. This matter is remanded for further proceedings in accordance with this opinion.
PLEA AND SENTENCE VACATED, REMANDED FOR FURTHER PROCEEDINGS.

. On other pending charges against Gauthe, the judge granted the motion to quash.

. Certain misdemeanors can be tried without a jury. La.C.Cr.P. art. 779.