920 So.2d 274 (2005)
STATE of Louisiana
v.
Evans J. BREAUX, Jr.
No. 05-KA-358.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2005.
*275 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Thomas S. Block, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Judge.
On March 23, 2000, the Jefferson Parish District Attorney filed a bill of information charging defendant, Evans J. Breaux, Jr., with fourth offense driving while intoxicated (DWI) in violation of LSA-R.S. 14:98 E. The matter was scheduled for arraignment on June 8, 2000. The minute entry from that date indicates that defendant failed to appear, that there was no return of service, and that the trial court continued the arraignment until July 20, 2000. According to the July minute entry, defendant once again failed to appear, and the trial court ordered that an attachment be issued.
Subsequent to his arrest on the attachment, defendant, on September 30, 2004, pled not guilty to the DWI charge. Thereafter, defendant filed a motion to quash the bill of information pursuant to LSA-C.Cr.P. art. 578. In the motion, defendant alleged that the state failed to commence trial within the mandatory time limitations prescribed by law, and therefore, the bill of information against him should be dismissed in accordance with LSA-C.Cr.P. art. 581. After considering the arguments of counsel at the December 9, 2004 hearing, the trial judge denied defendant's motion to quash stating as follows:
Okay. I'm looking at the case and I think this perhaps fits more under State v. Gauthe, G-A-U-T-H-E. He was attempted to be served at his address that he gave at the bond. It came back three times, no answer, no one by that name, on (sic) one by that name. He was arraigned.
The burden reflects the State had met it's (sic) heavy burden in establishing the *276 prescriptive period was interrupted because the defendant's presence at trial could not be obtained. It seems to me in this case, they tried at one address, that was unsuccessful. So, somehow another address was found and it was tried at that one and that was also unsuccessful, that he  that there was no such address.
Well, the first one, he's moved. The second one, no such address. It seems to me that he has the obligation to let us know when he has moved and certainly not give an address if there is no such address. So, I'm going to deny the Motion to Quash.
Defendant thereafter filed a writ application in this court challenging the trial court's denial of his motion. On January 28, 2005, this court denied the writ stating, "[o]n the showing made, we find no error in the trial court's denial of defendant's motion to quash. This writ application is hereby denied." State v. Breaux, 05-K-17 (La.App. 5 Cir. 1/28/05).
Following this denial, defendant, on February 22, 2005, withdrew his former plea of not guilty and pled guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court's denial of his motion to quash. In accordance with the plea agreement, the trial court sentenced defendant to imprisonment at hard labor for ten years, suspended, on the condition he serve sixty days in the parish prison. The judge also placed defendant on active probation for five years subject to various conditions.[1]
Defendant now appeals, assigning as his sole error the trial court's denial of his motion to quash the bill of information.[2] He contends that the state did not arraign him until more than two years from the date of the filing of the bill of information in violation of LSA-C.Cr.P. art. 578. He further contends that the state did not prove that the prescriptive period was interrupted, nor did it exercise due diligence in discovering his whereabouts, as mandated by LSA-C.Cr.P. art. 579.
In the case of a non-capital felony, the time limitation for commencement of trial is "two years from the date of institution of the prosecution." LSA-C.Cr.P. art. 578(2). The date of institution of prosecution is the date when the indictment is returned or the bill of information is filed. State v. Gladden, 260 La. 735, 257 So.2d 388 (1972), cert. denied, 410 U.S. 920, 93 S.Ct. 1377, 35 L.Ed.2d 581 (1973); State v. Watts, 99-57 (La.App. 5 Cir. 5/19/99), 738 So.2d 628, 629. If the time limitation for trial expires and the defendant files a motion to quash before trial, the trial court shall dismiss the indictment and there shall be no further prosecution against the defendant for the same or a lesser offense *277 based on the same facts. LSA-C.Cr.P. art. 581.
LSA-C.Cr.P. art. 579 provides for the interruption of the time limitation as follows:
A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
When the defendant brings an apparently meritorious motion to quash the bill of information, the state bears a heavy burden to demonstrate that an interruption or suspension of the prescriptive period has occurred. State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286; State v. Carcamo, 03-589 (La.App. 5 Cir. 10/28/03), 860 So.2d 220, 223.
As stated in LSA-C.Cr.P. art. 579A(2), interruption arises when defendant's presence cannot be obtained by legal process or for any other cause that is beyond the control of the state. The inability to serve a defendant under certain circumstances has been held to constitute interruption. See, State v. Gauthe, 525 So.2d 1193 (La.App. 5 Cir.1988), writ denied, 532 So.2d 131 (La.1988). To satisfy its burden in establishing interruption on these grounds, the state is required to exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him. State v. Chadbourn, 98-1998 (La.1/8/99), 728 So.2d 832.
The trial judge's denial of a motion to quash should not be reversed in the absence of a clear abuse of the trial court's discretion. State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, 1208.
The state acknowledges that defendant was not brought to trial within the two year period set forth in LSA-C.Cr.P. art. 578. However, the state maintains that it acted diligently and in good faith to locate and secure defendant's presence for arraignment, and that its inability to serve defendant constituted an interruption of prescription.
In the present case, defendant was arrested in December of 1999. The state instituted prosecution on March 23, 2000, by the filing of a bill of information. The matter was set for arraignment on June 8, 2000, but defendant failed to appear. The matter was continued until July 20, 2000. At that time, defendant again failed to appear, and the court ordered that an attachment be issued. Defendant was eventually arrested on the attachment in September of 2004.
The record reflects that a subpoena ordering defendant to appear for his arraignment was issued on March 27, 2000, to defendant at 466½ Avenue A in Westwego, Louisiana. The return indicated that service could not be effected because an apartment number was needed. Thereafter, on May 17, 2000, a second subpoena was directed to defendant at 110 Mesamis Drive, Lot 10, in Carencro, Louisiana. The Lafayette Parish Sheriff's Office attempted to serve defendant at that address. However, the return of June 5, *278 2000, indicated that the attempt was unsuccessful for the following reasons: "moved, address unknown" and "unable to locate." The record reflects that on June 13, 2000, a third subpoena was issued by certified mail to defendant at 270 Annette in Westwego, Louisiana. The letter was returned as "no such street."
Based on the foregoing discussion, we find that the state met its burden of proving that an interruption of prescription occurred. The record shows that the state attempted to serve defendant at three different addresses; however, each attempt was unsuccessful. We conclude that defendant's presence for trial could not be obtained by legal process and that this was beyond the control of the state. Accordingly, we find no error in the trial court's denial of defendant's motion to quash the bill of information.
We have also reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We first note a discrepancy between the transcript and commitment. According to the transcript, the trial judge sentenced defendant to ten years in the Department of Corrections and suspended that on the condition that defendant serve sixty days in the parish prison. The commitment does not state that the ten year sentence was suspended. Accordingly, we direct the trial court to correct the commitment to reflect that the ten year sentence was suspended. State v. Cowden, 04-707 (La.App. 5 Cir. 11/30/04), 889 So.2d 1075, 1092, writ denied, XXXX-XXXX (La.4/8/05), 899 So.2d 2.
We also note that the trial judge failed to specify the conditions of home incarceration at the time of sentencing, as mandated by LSA-C.Cr.P. art. 894.2 C. This court has recognized the failure to comply with this requirement as a patent error and has remanded the matter for a hearing regarding the conditions of home incarceration. See, State v. Cowden, 889 So.2d at 1092, and State v. Loupe, 00-165 (La.App. 5 Cir. 8/29/00), 767 So.2d 884, 887. In this case, the record shows that defendant signed a form entitled "Conditions of Jefferson Parish Home Incarceration." We conclude this sufficiently informs defendant of the conditions of his home incarceration and a remand for a hearing regarding the conditions is unnecessary. State v. Hebert, 02-1252 (La.App. 5 Cir. 4/8/03), 846 So.2d 60, 66.
For the reasons set forth herein, we affirm defendant's conviction and sentence and instruct the trial court to correct the commitment to reflect that defendant's ten year sentence was suspended.
AFFIRMED WITH INSTRUCTIONS.
NOTES
[1] In addition to all general conditions of probation, the following special conditions of probation were imposed:

1. Defendant is to enter into an in-patient treatment center for four to six weeks;
2. Defendant is to be placed on home incarceration during the period of his active probation;
3. Defendant's vehicle is to be seized and sold;
4. Defendant is to complete a driver improvement program;
5. Defendant is to get substance abuse treatment;
6. Defendant is to maintain employment.
[2] The prior denial of supervisory writs does not preclude reconsideration of an issue on appeal, nor does it prevent the appellate court from reaching a different conclusion. State v. Woodhead, 03-1036 (La.App. 5 Cir. 1/27/04), 866 So.2d 995, 1001, writ denied, XXXX-XXXX (La.7/2/04), 877 So.2d 144.