982 So.2d 831 (2008)
STATE of Louisiana
v.
Sharon SMITH.
No. 07-KA-959.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*832 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Brandon Kinnett, Assistant District Attorneys, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
Holli A. Herrle-Castillo, Attorney at Law, Louisiana Appellate Project, Marrero, Louisiana, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
FREDERICKA HOMBERG WICKER, Judge.
The defendant Sharon Smith appeals her Crosby[1] conditional guilty plea conviction to the charged offense, theft of goods valued at $100 or more but less than $500, a violation of La.R.S. 14:67.10, and her negotiated two-year hard labor suspended sentence. The trial judge placed Ms. Smith on two years' active probation and ordered her to pay a $300 fine, plus costs. *833 Ms. Smith entered her guilty plea reserving her right to appellate review of the trial judge's denial of her motion to quash the bill of information. Her motion was based on the state's failure to commence trial within the statutory prescriptive period. For the reasons that follow, we affirm the defendant's conviction and sentence. We remand for proper notification of the prescriptive period for filing post-conviction relief.
Procedural History
The bill of information alleged that Ms. Smith committed the theft of goods from Dillards on or about November 20, 2004. During the September 24, 2007 plea colloquy, the trial judge informed Ms. Smith that she was pleading guilty to shoplifting in a felony amount.
The following information was derived from the record, which includes minute entries and subpoena returns.
Previously, on March 29, 2005, the state filed a bill of information charging Ms. Smith with the theft of goods offense. The defendant was arrested on November 20, 2004. On November 21, 2004, she was released on bond when Safety National Casualty, the surety, executed a bond for Ms. Smith. The defendant signed listing her address as 1408 Senate St. D, New Orleans, Louisiana 70122. She agreed to appear in court on January 4, 2005.
There is no minute entry in the record for that date. Thereafter, the sheriff made two failed attempts to serve the defendant in order to notify her of her arraignment dates of May 11, 2005 and June 22, 2005. Subpoena returns for those dates indicate that four unsuccessful attempts were made each time to serve her at the address given on the bond. On June 22, 2005, when the defendant failed to appear, the arraignment was continued to August 3, 2005. Again, the sheriff made four unsuccessful attempts to serve the defendant at the bond address to give her notice of the August 3, 2005 arraignment. This time however, the defendant received personal notice from the Commissioners Court of the August 3, 2005 arraignment date.
Ms. Smith was arraigned on August 3, 2005, and entered a plea of not guilty. Defense counsel filed a Motion for Discovery on August 18, 2005. The state was ordered to show cause on September 30, 2005 why the motion should not be granted.
The sheriff made four unsuccessful attempts to subpoena the defendant at the bond address in order to advise her of the September 30, 2005 motion hearing. But the defendant received personal notice of the motion hearing date through the Commissioner's Court.
According to the minute entry, that setting was cancelled due to Hurricanes Katrina and Rita. The trial court continued the case without date.
It appears the first court setting for this case after the hurricane was on January 13, 2006. On that date, the defendant did not appear in court for a scheduled motion hearing. However, there is no indication in the record that the sheriff attempted service to notify her or that she was otherwise notified of the date. The minute entry states that at the state's request, the trial judge issued an attachment for Ms. Smith and ordered that her bond be forfeited. Notice of the forfeiture was sent to Ms. Smith by certified mail addressed from the Clerk of Court to her at the bond address. That New Orleans address was covered with a forwarding label (apparently added by the postal service) with a Houston address. The envelope was marked "Return," as undeliverable as addressed.
*834 On September 8, 2006, the surety filed a Motion to Set Aside Judgment of Bond Forfeiture and Petition for Nullity of Judgment. On September 29, 2006, the trial court set aside the bond forfeiture.
The sheriff had unsuccessfully attempted to serve the defendant with notice of the motion hearing on September 29, 2006. The return on that subpoena was marked "ADDRESS APPEARS VACANT." The minute entry for September 29, 2006 shows the defendant did not appear in court.
On June 6, 2007, the defendant was arrested. The trial court recalled the attachment on June 7, 2007. On June 9, 2007 Ms. Smith was released on bond. The bond contained an agreement signed by Ms. Smith to appear in court on August 10, 2007. The minute entry for August 10, 2007 shows she appeared in court. Discovery was marked satisfied, and trial was set for September 24, 2007. On August 10, 2007, the defendant completed a declaration of address form and filed it in the district court. She gave a new address of 680 Central Avenue in New Orleans. According to the August 10, 2007 minute entry, Ms. Smith was given oral and written notice in court to appear for trial on September 24, 2007.
On September 24, 2007, defense counsel filed a motion to quash the bill of information. Counsel asserted that the state failed to subpoena Ms. Smith since her last court appearance. Counsel asserted that she did not avoid prosecution nor had she been absent from her normal place of abode. Furthermore, counsel believed that she paid state income taxes.
Untimely Commencement of Trial
Ms. Smith now argues that the state made no attempt to locate her since the hurricane. In addition, she asserts that the state was not unable to locate her and secure her presence for trial. Further, there was no evidence presented that the state did anything to discover her whereabouts. The state primarily responds that the prescriptive period under Article 578 has not expired, as it was interrupted because Ms. Smith could not be tried for reasons beyond the state's control.
Under La.C.Cr.P. art. 578 A(2), non-capital felonies must be tried within two years of institution of the prosecution.[2] A prosecution is instituted on the date when the indictment is returned or the bill of information is filed. State v. Gladden, 260 La. 735, 742-43, 257 So.2d 388, 391 (La.1972), cert. denied, 410 U.S. 920, 93 S.Ct. 1377, 35 L.Ed.2d 581 (1973); State v. Carcamo, 03-589 (La.App. 5 Cir. 10/28/03), 860 So.2d 220, 222. Upon expiration of this time limitation, the court shall, on motion of the defendant, dismiss the indictment and there shall be no further prosecution against the defendant for that criminal conduct. La.C.Cr.P. art. 581. A motion to quash is the proper procedural vehicle for claiming an expiration of the time limitation. Id.; La.C.Cr.P. art. 532(7); State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286.
The bill of information was filed on March 29, 2005. Barring any suspension (La.C.Cr.P. art. 580[3]) or interruption (La. *835 C.Cr.P. art. 579[4]) of the time delay, the state originally had until March 29, 2007 to try Ms. Smith. When defense counsel filed the motion to quash on September 24, 2007, the period had lapsed.
When a defendant has filed an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. State v. Rome, 630 So.2d at 1286. In State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, 1206, the Louisiana Supreme Court held that "[b]ecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion." See also State v. Breaux, 05-358 (La.App. 5 Cir. 12/27/05), 920 So.2d 274, 277.
Neither the state nor the defense put on witnesses or evidence at the trial court's hearing on defendant's motion to quash. The state did not make an argument. Defense counsel, however, asked the court to look at the record. He referred to the January 13, 2006 attachment. He stated Ms. Smith moved to Texas because of the storm, and she returned from Texas in 2006 after the storm. She worked and paid state taxes in 2006.
The trial judge noted that the address the court had for the defendant was 1408 Senate Street, Apartment D, in New Orleans; and that the defendant had not filed a change of address with the court. Defense counsel responded that the defendant's home in New Orleans had been destroyed. The court's clerk noted that there had been an attempt to serve the defendant at the address on record with the court, and that the subpoena return was marked "Vacant." The judge denied the defendant's motion to quash without giving reasons. But considering the comments of defense counsel and the trial judge at the hearing, it appears the judge based his ruling on the defendant's failure to appear in court.
The issue now before this Court is whether the state met its heavy burden of showing either an interruption or a suspension of the two-year time limit such that prescription will not have tolled. La. C.Cr.P. art. 579 A(2) provides in part that interruption occurs if the defendant cannot be tried because his presence cannot be obtained by legal process, or for any cause beyond the state's control.
To satisfy its burden in establishing that an interruption of the prescriptive period has occurred, the state is required to exercise due diligence in discovering the whereabouts of the defendant as well as in taking the appropriate steps to secure his *836 presence for trial once it has found him. State v. Chadbourne, 98-1998 (La.1/8/99), 728 So.2d 832 (per curiam); State v. Breaux, 920 So.2d at 277. Once the cause of the interruption ceases, the prescriptive period runs anew. La.C.Cr.P. art. 579 B.
The sheriff's return, when received by the clerk of court, shall form part of the record and shall be considered prima facie correct. La.C.Cr.P. art. 736 A. See also State v. Mills, 390 So.2d 874, 877 (La.1980) (where the article was applied to serving the defendant with notice of trial).
The subpoenas issued for the defendant in this case and the corresponding subpoena returns reflect the state's numerous unsuccessful attempts to serve Ms. Smith at the address she gave in order to obtain Ms. Smith's presence in court.
We find that under these circumstances, the state used due diligence in its attempts to bring the defendant to court. Article 322 A of the Louisiana Code of Criminal Procedure provides that a defendant signing a bail bond shall "write under his signature the address at which he resides. The address shall be conclusively presumed to continue for all proceedings on the bond, until he files in the proceeding in which the bond was given a written declaration changing the address." The Senate Street address was given by the defendant in her original appearance bond.
Although the defendant argues that she was driven from her home on Senate Street after Hurricane Katrina struck, deputies were unable to serve her at that address on a total of twelve occasions prior to the hurricane. The state continued in its attempts to serve Ms. Smith after the storm. Furthermore, the clerk's certified mailing of bond forfeiture was itself returned as undeliverable to a Houston address.
Thus, the two-year prescriptive period of La.C.Cr.P. art. 578 A(2) was interrupted under La.C.Cr.P. art. 579 A(2) because the defendant's "presence for trial [could] not be obtained by legal process." Alternatively, the state's inability to serve the defendant at the address she provided could be viewed as an interruption of the prescriptive period because it was a "cause beyond the control of the state," as contemplated by Article 579 A(2). Compare State v. Breaux, 920 So.2d at 278. (We found that the defendant's presence for trial could not be obtained by legal process and that this was beyond the control of the state. The record showed that the state attempted to serve the defendant at three different addresses; however, each attempt was unsuccessful).
Even if September 29, 2006  the final court date at which the defendant failed to appear after the state attempted service  is used as the date on which the interruption of the prescriptive period began, then the interruption came before the expiration of the original two-year period. The interruption did not end until the cause for the interruption no longer existed. La. C.Cr.P. art. 579 B. That would have been on June 7, 2007, when the defendant's whereabouts were again known to the trial court, and the court lifted the attachment. The two-year period then began to run anew. Therefore, the State now has until June 7, 2009 to try the defendant.
Based on the foregoing, the trial court did not abuse its discretion in denying the defendant's motion to quash.
ERROR PATENT DISCUSSION
The defendant requests an error patent review. This Court routinely reviews the record for errors patent in accordance with La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), regardless of whether a defendant makes such a request.
In this case, the trial court failed to properly advise Ms. Smith of the two-year *837 prescriptive period for applying for post-conviction relief under La.C.Cr.P. art. 930.8. At the time of sentencing, the judge advised her she had "two years from the date the sentence becomes final to file post conviction relief applications." Article 930.8 actually gives a defendant two years "after the judgment of conviction and sentence has become final" in which to file an application for post-conviction relief. We find it prudent to remand the case to the trial court with instructions that it provide the defendant with the correct written notice of the provisions of Article 930.8, and to file written proof of said notice in the record. See State v. Darensbourg, 06-572 (La.App. 5 Cir. 12/27/06), 948 So.2d 1128, 1136, writ denied, 07-0317 (La.11/9/07), 967 So.2d 495.
Accordingly, for the reasons stated, we affirm Ms. Smith's conviction and sentence, We remand for proper advisement of the prescriptive period.
CONVICTION AND SENTENCE AFFIRMED; REMANDED.
NOTES
[1] See State v. Crosby, 338 So.2d 584 (La. 1976).
[2] Under the version of the statute in effect at the time of the instant offense, theft of goods valued at $100.00 or more, but less than $500.00, was punishable by imprisonment for not more than ten years, with or without hard labor, or a fine of not more than $2,000.00, or both. La.R.S. 14:67.10 B(2). Thus, the offense was a felony. See La.R.S. 14:2(A)(4).
[3] La.C.Cr.P. art. 580 provides:

When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
[4] La.C.Cr.P. art. 579 provides:

A. The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.