JUDE G. GRAVOIS, Judge.
| ¡.Defendant, Vittorio Dipietro, has appealed his conviction of theft of goods, valued at between one hundred and five hundred dollars, in violation of La. R.S. 14:67.10. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

On April 26, 2005, defendant was arrested for theft. On May 11, 2005, the Jefferson Parish District Attorney filed a bill of information charging defendant with theft of goods, valued at between one hundred and five hundred dollars. On July 13, 2005, defendant was arraigned and pled not guilty. A pretrial hearing was set for August 8, 2005. Defendant appeared on that date and the court set a “status on drug court” hearing for September 6, 2005. This status hearing was continued to No *1184 vember 3, 2005, as the court was closed on September 6, 2005 due to Hurricane Katrina. Defendant did not appear on November 3, 2005, and the matter was continued at the request of the State and reset for January 24, 2006. Defendant did not appear on that date, and the matter was continued until February 22, 2006 |aat the request of the State. The record reflects that defendant was arrested on September 8, 2006. On September 28, 2006, defendant signed an appearance bond agreeing to appear in court in this matter on November 16, 2006. Defendant did not appear before the court on November 16, 2006 and an attachment for his arrest was issued. On January 5, 2011, defendant was arrested, and the attachment was satisfied.
On May 11, 2011, defendant filed a motion to quash the bill of information filed against him, arguing that the time period for commencement of trial had elapsed. On that same date, the trial court heard and denied defendant’s motion to quash. On August 18, 2011, defendant pled guilty to the bill of information filed against him and was sentenced to two years at hard labor with credit for time served. On that same date, the State filed a multiple bill alleging defendant to be a second felony offender. Defendant then pled guilty to the multiple bill, the original sentence was vacated, and defendant was re-sentenced as a multiple offender to two years at hard labor. On August 1, 2012, the trial court granted defendant’s request for an out-of-time appeal.

ASSIGNMENT OF ERROR

In his only assignment of error on appeal, defendant argues that the trial court erred in denying his motion to quash. Although defendant concedes the time limit to commence trial, provided for in La. C.Cr.P. art. 578(A)(2), was interrupted by his failure to appear for the November 16, 2006 hearing date, he asserts that the time limit began to run anew on August 15, 2008 when he was arrested in St. Bernard Parish. He contends that Jefferson Parish authorities were notified by St. Bernard Parish authorities that he was in custody in St. Bernard Parish, but that Jefferson Parish authorities did not act to retrieve him prior to his release from St. Bernard Parish. Therefore, defendant argues that the State had two years from |4August 15, 2008 to bring his case to trial, but failed to do so. Thus, defendant contends that the case is prescribed and the trial court should have granted his motion to quash.
The State agrees that the two-year time limitation to commence trial was interrupted pursuant to defendant’s failure to appear in court on November 16, 2006. However, the State contends that the time limitation did not begin to run anew until January 5, 2011, the date defendant was arrested and the Jefferson Parish attachment was satisfied. The State argues that it had two years from January 5, 2011, or until January 5, 2013, to commence trial against defendant. Defendant pled guilty on August 18, 2011. Thus, the State concludes that the trial court correctly denied the motion to quash.
Pursuant to La.C.Cr.P. art. 578(A)(2), the State must commence trial within two years from the date of institution of prosecution in non-capital felony cases. Therefore, in this case, the State had two years from May 11, 2005, the date the bill of information was filed, to commence trial.
When a defendant has filed an apparently meritorious motion to quash based on prescription, the State bears a heavy burden of demonstrating either an interruption or a suspension of the time limit such that prescription will not have tolled. State v. Smith, 07-959 (La.App. 5 Cir. 3/11/08), 982 So.2d 831, 835. An appellate court may reverse a trial court’s *1185 ruling on a motion to quash only if it finds an abuse of discretion. Id.
La.C.Cr.P. art. 579(A)(3) provides that the time period set forth in article 578(A)(2) is interrupted if defendant “fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.” In the instant case, the record indicates that the time limitation of La. C.Cr.P. art. 578(A)(2) to commence trial was interrupted pursuant to La.C.Cr.P. art. 579(A)(3) because defendant failed to 1 ^appear for the November 16, 2006 hearing, of which his actual notice appears in the record.[1]
On appeal, defendant contends that the period of limitation began to run anew on August 15, 2008, when he was arrested in St. Bernard Parish. Defendant asserts that St. Bernard Parish authorities notified Jefferson Parish authorities of his incarceration, but that Jefferson Parish authorities failed to retrieve him prior to his release from St. Bernard Parish. The State contends there was no record that Jefferson Parish authorities were notified that defendant was in custody in St. Bernard Parish and thus the period of limitation to commence trial did not begin to run anew until January 5, 2011, when defendant was arrested in Jefferson Parish and the attachment was recalled.
In State v. Baptiste, 08-2468 (La.6/23/10), 38 So.3d 247 (per curiam), relied on by defendant, the defendant failed to appear for a pre-trial conference in a matter in Plaquemines Parish. The defendant was incarcerated in St. Charles Parish subsequent to the issuance of the arrest warrant in Plaquemines Parish. The Louisiana Supreme Court found that the State did not have a duty to monitor the status of an outstanding arrest warrant in another parish. The court held that the interruption in the time delays for institution of prosecution ended only when the St. Charles Parish authorities contacted officials in Plaquemines Parish to inform them of defendant’s impending release and their discovery of the arrest warrant against him in their parish.
Baptiste, supra, is distinguishable from the instant case because there is nothing in the record before us indicating that St. Bernard Parish authorities notified Jefferson Parish authorities of defendant’s incarceration. Further, the | firecord is void of any evidence indicating that Jefferson Parish authorities were even aware of defendant’s arrest and incarceration in St. Bernard Parish.
In State v. Romar, 07-2140 (La.7/1/08), 985 So.2d 722, the Louisiana Supreme Court found that the State bears no affirmative duty to search for a defendant who fails to appear at a proceeding pursuant to actual notice, even where the State could have seemingly found the defendant.
Therefore, in accordance with Ro-mar, supra, the State had no obligation to search for defendant and the time limit set forth in La.C.Cr.P. art. 578(A)(2) began to run anew only when defendant was arrested on the attachment on January 5, 2011. Accordingly, the State had until January 5, 2013 to commence trial. Defendant pled guilty on August 18, 2011, prior to the expiration of this time limitation. Thus, the trial court correctly denied defendant’s motion to quash. This assignment of error is without merit.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; *1186 State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). This review reveals no errors patent in this case.

CONCLUSION

For the foregoing reasons, defendant’s conviction is affirmed.

AFFIRMED

. This actual notice consists of an appearance bond signed by defendant, in which he agrees to appear in court on November 16, 2006.