STATE OF LOUISIANA                     NO. 23-K-396

VERSUS                                 FIFTH CIRCUIT

JOSUE HERNANDEZ-ROMERO                  COURT OF APPEAL

                                       STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

                    September 13, 2023

                        Linda Wiseman
                        First Deputy Clerk

**IN RE** STATE OF LOUISIANA

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE FIRST PARISH COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JOHN J. LEE, JR., DIVISION "B", NUMBER F2073607

---

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

**WRIT GRANTED**

In this writ application, relator, the State, seeks review of the trial court's grant of the defendant's motion to quash the bill of information filed against him. For the following reasons, this writ application is granted.

On May 8, 2017, a bill of information was filed charging the defendant, Josue Hernandez-Romero, with violating La. R.S. 14:98(A) and La. R.S. 14:98.1(A)(1), first offense driving while intoxicated (count 1); La. R.S. 32:301, driving without required lighting (count 2); La. R.S. 32:52, operating a motor vehicle without an operator's license (count 3); and La. R.S. 32:58, failure to maintain control of a motor vehicle (count 4). The defendant received appearance bond notices to appear in court on June 27, 2017; however, he failed to appear.[1]

---

[1] The defendant's traffic ticket, Uniform DWI Arrest Citation, issued on March 26, 2017, stated that his next court appearance was June 26, 2017. However, the defendant's appearance bonds, issued on March 27, 2017, stated that his next court appearance was on June 27, 2017. It appears that June 27, 2017 is the correct arraignment date due to

On July 11, 2017, an attachment hearing was held, and the court issued an attachment for the defendant's arrest. On February 1, 2023, the defendant filed a Motion to Quash and/or for Absolute Dismissal of Charges and a Motion to Re-set and Recall Attachment. On the same day, the court signed an order recalling the defendant's attachment and set the motion for hearing. At the conclusion of the hearing held on June 13, 2023, the court granted the defendant's motion to quash. The State objected to the court's ruling and gave oral notice to take a writ. After obtaining extensions of the return date, this writ application was timely filed.

In the motion to quash, the defendant states that he was arrested on March 26, 2017, and then transferred from state custody to immigration custody. He remained "incarcerated with immigration" until August 24, 2017, when he departed the United States. The defendant asserts that he was in immigration custody on June 26, 2017, but he was not brought to court due to the State's failure to secure his presence. He claims that the State was aware that he was in immigration custody because the State transferred him to immigration custody. The defendant concludes that the State has failed to bring the matter to trial within the one-year time limitation for misdemeanors as required by La. C.Cr.P. art. 578, entitling him to an absolute dismissal. The defendant argues that the State cannot meet its heavy burden of showing an interruption of the time limitations because the State did not exercise due diligence in securing his presence. Citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and *State v. Reaves*, 376 So.2d 136 (La. 1979), the defendant further argues that his constitutional right to a speedy trial entitles him to a dismissal of the charges.

At the hearing on the defendant's motion to quash, the State argued that La. C.Cr.P. art. 579 provides that the period of time limitations shall be interrupted if

---

the appearance bonds' date being issued after the traffic ticket, and the docket ledger does not list the defendant's date of arraignment as June 27, 2017.

2

the defendant fails to appear at any proceeding pursuant to proof of actual notice which appears in the record. The State reiterated that on March 29, 2017, the defendant signed a bond and agreed to appear in court on his arraignment date. The State argued that it had no affirmative duty to search for the defendant who failed to appear after notice pursuant to *State v. Romar*, 07-2140 (La. 7/1/08), 985 So.2d 722, and *State v. Williams*, 11-1231 (La. App. 4 Cir. 5/23/12), 95 So.3d 554, *writ denied*, 12-1447 (La. 1/18/13), 107 So.3d 623. The State also highlighted that the court's record has no indication that the defendant was placed in the State's custody.

The defense introduced a Department of Homeland Security US Immigration and Customs Enforcement (ICE), Voluntary Departure and Verification of the Departure form and argued that the State was aware that the defendant was in custody because when he was arrested in March of 2017, an ICE hold was placed on him. The defendant contended that when he signed the bond orders, he was released to "Immigration," not released on bond. The defendant asserted that on the dates of his arraignment, June 26 and June 27, 2017, he was at an immigration detention in Chalmette. The defense argued that the State did not "writ him to be here in Court," and the State took no further action to try to prosecute this matter in more than a year. Pursuant to La. C.Cr.P. art. 578, the defense requested that the charges " be quashed." The defendant was deported and in Honduras for five years, but is now back in the United States on parole. The court granted the motion to quash without providing reasons.

In this writ application, the State argues that prescription was interrupted on June 27, 2017, when the defendant failed to appear pursuant to actual notice on the defendant's appearance bonds. The State contends that the attachment was satisfied on February 1, 2023, when the defendant's motion to recall the attachment was filed. Therefore, the State concludes that prescription commenced

3

to run anew on February 1, 2023, and the one-year prescriptive period for the defendant's misdemeanors has not elapsed. The State asserts that even if the defendant was "locatable" on June 27, 2017, the State had no duty to take steps to locate the defendant pursuant to La. C.Cr.P. art. 579(C). The State also highlights that the court's record does not contain the notice requirements from the defendant under La. C.Cr.P. art. 579(C)(1). The State also responds to the defendant's assertion in his motion to quash that his right to a speedy trial was violated under *Barker v. Wingo*, *supra*, asserting that the delay in the defendant's case was caused by the defendant who voluntarily left the United States when he was facing deportation.

La. C.Cr.P. art. 578(A)(3) provides that no trial shall be commenced nor any bail obligation be enforceable "in misdemeanor cases after one year from the date of institution of the prosecution." The date of institution of prosecution is the date when the indictment is returned or the bill of information is filed. La. C.Cr.P. art. 934(7); *State v. Smith*, 07-959 (La. App. 5 Cir. 3/11/08), 982 So.2d 831, 834.

Louisiana law allows for the interruption of time limitations. La. C.Cr.P. art. 579 provides:

> A. The period of limitation established by Article 578 shall be interrupted if:
>
> (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
>
> (2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
>
> (3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
>
> B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.

C. If the defendant fails to appear in court pursuant to any provision of this Article and the defendant is subsequently arrested, the periods of limitations established by Article 578 of this Code shall not commence to run anew until the defendant appears in person in open court where the case on the original charge is pending, or the district attorney prosecuting the original charge has notice of the defendant's custodial location. For purposes of this Paragraph, "notice" shall mean either of the following:

(1) Filing in the court record by either the defendant or his counsel advising the court of his incarceration with a copy provided to the district attorney and certification of notice provided to the district attorney.

(2) Following the seventy-two hour hearing provided by Article 230.1 of this Code, actual notice of arrest is provided to the district attorney and filed in the record of the proceeding of which the warrant against the defendant was issued.

In accordance with La. C.Cr.P. art. 532(7), a motion to quash is the proper procedural vehicle for claiming an untimely commencement of trial. La. C.Cr.P. art. 581 provides that upon expiration of the time limitation, the court shall, on motion of the defendant, dismiss the indictment, and there shall be no further prosecution against the defendant for that criminal conduct. Once a defendant shows that the State has failed to commence trial within the time periods mandated by La. C.Cr.P. art. 578, the State bears a heavy burden to demonstrate that either an interruption or a suspension of the time limit tolled prescription. *State v. Driever,* 347 So.2d 1132, 1133 (La. 1977); *State v. Otkins-Victor*, 15-340 (La. App. 5 Cir. 5/26/16), 193 So.3d 479, 530, *writ denied sub nom. State ex rel. Otkins-Victor v. State*, 16-1495 (La. 10/15/18), 253 So.3d 1294. A trial court's ruling on a motion to quash should not be reversed in the absence of a clear abuse of the trial court's discretion. *State v. Brooks*, 16-345 (La. App. 5 Cir. 12/28/16), 210 So.3d 514, 518.

In this case, the State instituted prosecution on May 8, 2017, by the filing of the bill of information. Pursuant to La. C.Cr.P. art. 578(A)(3), trial on the misdemeanors should have begun on or before May 8, 2018. The docket ledgers

5

show that the defendant failed to appear at his arraignment on June 27, 2017, pursuant to actual notice, proof of which appears on the defendant's appearance bonds. In addition, the defendant admits that he voluntarily departed the United States on August 24, 2017. On February 1, 2023, the defendant filed a motion to quash, highlighting that the State did not commence trial within the one-year time limitation for misdemeanors. He argued that the time period was not interrupted by actions on behalf of the defendant, and the State failed to meet its heavy burden by not "exercising diligence in securing the presence of the defendant in connection with these proceedings."

However, La. C.Cr.P. art. 579(A)(3) "does not impose on the State the affirmative duty to search for a defendant who has failed to appear for trial after receiving actual notice." *Romar*, 985 So.2d at 726.

> Once the accused shows that the State has failed to bring him to trial within the time period specified by La. C.Cr.P. art. 578, the State bears a heavy burden of demonstrating that either an interruption or a suspension tolled the statute of limitations… the State can meet this burden by showing that the statute of limitations was interrupted by defendant's failure 'to appear at any proceeding pursuant to actual notice, proof of which appears in the record.'

*State v. Schmidt*, 21-491 (La. 1/28/22), 333 So.3d 411, 413.

Our review of this writ application and the defendant's opposition to the writ application indicates that the State met its burden of proving that the one-year time limitation was interrupted under La. C.Cr.P. art. 579(A)(3), by showing that the defendant failed to appear at his arraignment on June 27, 2017, pursuant to actual notice, proof of which appears in the record. The record reveals that defendant received actual notice by accepting and signing his appearance bonds, which contained his arraignment date of June 27, 2017. Furthermore, the defendant argues that the State took no further action to prosecute him, yet he admits that he

6

voluntarily departed the United States on August 24, 2017, and remained outside of the United States for five years.

For the foregoing reasons, this writ application is granted and the May 8, 2017 indictment is reinstated.

Gretna, Louisiana, this 13th day of September, 2023.

**JJM**
**SMC**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/13/2023** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-K-396**

### E-NOTIFIED

First Parish Court (Clerk)
Honorable John J. Lee, Jr. (DISTRICT JUDGE)
Darren A. Allemand (Relator)                    Thomas J. Butler (Relator)

### MAILED

Ivan A. Orihuela (Respondent)                   Honorable Paul D. Connick, Jr. (Relator)
Attorney at Law                                 John H. Raborn (Relator)
3213 Florida Avenue                             Assistant District Attorney
Suite C                                         Twenty-Fourth Judicial District
Kenner, LA 70065                                200 Derbigny Street
                                                Gretna, LA 70053

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ivan A. Orihuela
Attorney at Law
3213 Florida Avenue
Suite C
Kenner, LA 70065
23-K-396                    09-13-23

9590 9402 2434 6249 3572 69

2. Article Number (Transfer from service label)

7016 2070 0000 0954 7899

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
                                   9/15/23

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ Mail
☐ ____ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt