614 So.2d 709 (1993)
STATE of Louisiana
v.
Durrand ESTILL.
No. 92-KK-1295.
Supreme Court of Louisiana.
March 2, 1993.
Anthony P. Lewis, Thibodaux, for applicant.
*710 Richard P. Ieyoub, Atty. Gen., Walter Naquin Jr., Dist. Atty., Camille A. Morvant II, Asst. Dist. Atty., for respondent.
PER CURIAM:
The defendant is charged by grand jury indictment, returned on January 26, 1987, with distribution of marijuana in violation of La.R.S. 40:966. Following his arraignment on November 21, 1991, the defendant filed a motion to quash, contending that La.C.Cr.P. art. 578(2) barred trial of the case over two years after initiation of the prosecution. The trial court conducted an evidentiary hearing on the motion and ruled that at some point between the commission of the offense on February 12, 1986, and the filing of the indictment nearly a year later, the defendant had "moved and disappeared," a cause beyond control of the state which interrupted the running of the time limit. La.C.Cr.P. art. 579(2). The First Circuit denied the defendant's application for review. We granted writs to consider whether the state carried its burden of proving that a valid cause exists to try the defendant beyond the period established by Art. 578(2). We find that it did not and reverse.
At the hearing conducted on January 8, 1992, the state presented the testimony of Captain Alan Wall, head of the Narcotics Division for the LaFourche Parish Sheriff's Department and in charge of the LaFourche Parish Drug Task Force. According to Wall, the Sheriff's Department intended to arrest the defendant on the day the grand jury returned its indictment in 1987 as part of a "round up" procedure involving several suspects in narcotics cases. The round-up team visited the Bayou Blue trailer park where the defendant resided and found that his trailer was gone. The team returned to Wall with information that the defendant had moved to Tennessee, possibly the Chattanooga area. Approximately two weeks later, Wall went to the trailer park personally and spoke to someone who had lived two trailers down from the defendant. Wall confirmed that the defendant had moved to Tennessee. The officer then listed the defendant as wanted in the N.C.I.C. computer. Eventually, an officer in Wall's division determined that the defendant had received a local traffic ticket and was living in Plaquemines Parish. Wall then contacted the authorities in Plaquemines and had the defendant arrested on August 7, 1991.
This Court has consistently held that the state "bears the heavy burden of showing that it is excused from trying the accused on a charge later than the period mandated by Article 578." State v. Groth, 483 So.2d 596, 599 (La.1986); State v. Amarena, 426 So.2d 613 (La.1983); State v. Devito, 391 So.2d 813 (La.1980); State v. Driever, 347 So.2d 1132 (La.1977). That burden requires the state to exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him. See State v. Taylor, 439 So.2d 410 (La.1983); State v. Nations, 420 So.2d 967 (La.1982); State v. Williams, 414 So.2d 767 (La.1982).
The evidence at the hearing established that the defendant left Louisiana before the grand jury returned its indictment, and the state readily conceded that it had no evidence he had fled to avoid prosecution. La.C.Cr.P. art. 579(1). The state argued, and the court eventually agreed, that the defendant's residence at an unknown location in Tennessee amounted to cause "beyond [its] control" for purposes of Art. 579(2), but the record shows that Captain Wall took no steps to determine the defendant's whereabouts before listing him in the N.C.I.C. computer other than speaking with a former neighbor in the trailer park. Wall acknowledged that he did not speak with the owner of the trailer park and the state presented no evidence that the officer checked with the post office for a forwarding address or identified and contacted his employer. Wall knew, however, that listing the defendant's name in the N.C.I.C. computer offered no assurance he could locate the defendant. Not all police departments require routine N.C.I.C. checks, Wall testified, "so subsequently a man can be on the street ten years and *711 have numerous encounters with the police and never be run in the system."
The defendant maintains that he has worked for the same employer for the last eleven years, with only one brief lay-off, that he moved to Tennessee in connection with his job, and that he was arrested at his place of employment in Placquemines Parish in August of 1991. Defense counsel had available at the hearing the defendant's employer, co-workers, and a neighbor prepared to testify in his behalf. In view of the state's stipulation it could not prove the defendant left Louisiana for the purpose of avoiding prosecution, the court advised counsel he had no need of his witnesses because he had "won without even having to know whether or not you were going to go or fold...."
The district court reconsidered its ruling but the state at no time has disputed the defendant's claim that he made no attempt to conceal his whereabouts, which remained easily traced through his employer. Under these circumstances, the state failed to carry its burden of proving that it had exercised due diligence in attempting to locate the defendant and secure his presence for trial before the time limit provided by Art. 578(2) expired.
The ruling of the district court on the motion to quash the indictment is therefore reversed. The indictment is dismissed and the defendant is ordered released from custody on this charge.
WATSON, J., concurs in result.
LEMMON, J., dissents.
HALL, not on panel.