| iMURRAY, Judge,
dissenting.
While judicial efficiency demands that great deference be given to pretrial decisions, such determinations do not absolutely preclude a different decision on appeal if the earlier ruling was patently erroneous and produced an unjust result. State v. Johnson, 438 So.2d 1091, 1105 (La.1983); State v. Moran, 584 So.2d 318 (La.App. 4th Cir.1991).
At the hearing held October 13, 1993 on the motion to quash in this ease, Mr. Foster’s counsel argued only that the prosecution “was initiated over three years ago.” The District Attorney responded that since the defendant had been at large rather than in the state’s custody or control, prescription had been interrupted. Without taking any evidence or further argument, the trial court found that any delay could not be attributed to Mr. Foster because there was “no effort to have him subpoenaed at any addresses [sic], at any last known address that he gave,” and therefore granted the motion to quash.
When the State applied for writs, this court reversed, noting the May 10, 1990 service return in the record and stating that “[t]he defendant’s absence from his stated address, the State’s effort to subpoena him at that address, and the issuance of the capias for his arrest establish the defendant’s actions interrupted the time limitation on prosecution” (emphasis added). In my view, in the absence of additional evidence, this finding is contrary to the applicable statute and the well-established case law interpreting it.
1¾Article 579 A of the Code of Criminal Procedure states:
The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, ... is absent from his usual place of abode within the state; or
(2) The defendant cannot be tried ... because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
Our Supreme Court has repeatedly held that under this Article, “(t)he state has a *1292 heavy burden of justifying an apparently untimely commencement of trial on grounds that the time limits in Art. 578 were either interrupted or suspended.” State v. Joseph, 93-2734, p. 1 (La. 6/3/94), 637 So.2d 1032, 1032. Furthermore, “(t)hat burden requires the state to exercise' due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him.” State v. Estill, 614 So.2d 709, 710 (La.1993). Prescription is interrupted only if “thé state is unable, through no fault of its own, to try a defendant within the period specified by statute.” State v. Rome, 93-1221, p. not designated, (La. 1/14/94), 630 So.2d 1284, 1287. Even if a defendant is found to be absent from his usual place of abode, “the record must ‘clearly’ establish that the purpose of the defendant’s absence was to avoid detection, apprehension or prosecution.” State v. Campbell, 404 So.2d 956, 959 (La.1981).
In State v. Taylor, 439 So.2d 410 (La.1983), the state first attempted service of a notice of arraignment on a DWI defendant at the address written on the traffic citation issued at the time of the offense. When this was returned showing there was no such address, service was attempted at the address shown hon the defendant’s bond. However, an unidentified man told the Sheriff he did not think the defendant lived there, so the return was endorsed “unable to locate” and filed in the record. The Sheriff testified that he made one more unsuccessful attempt at that address, but the record did not reflect this effort. An arrest warrant was issued when the defendant failed to appear for arraignment. The defendant subsequently moved to a new residence in Baton Rouge, notifying his probation officer but not the court handling the DWI charge; he also failed to notify the court of his later move out of state. While the state argued that the defendant’s actions made his presence unobtainable and evidenced an intent to avoid prosecution, the Supreme Court held that the state had not made a “due and diligent effort to subpoena the defendant,” and that there was insufficient evidence of any intent to elude the authorities. Taylor at 414. Therefore, prescription was not interrupted and the charges had to be dismissed.
As in Taylor, the record in this case does not reflect any efforts by the State to secure Mr. Foster’s attendance other than the May 10, 1990 service return and an alias capias issued on January 30, 1991 pursuant to the trial court’s May 14, 1990 order. Additionally, the service return indicates that the notice of arraignment was left with a “Ms. Lewis” who “stated she do [sic] not see subject often.” Thus, it is not clear that “Ms. Lewis” also resided at 2325 Gravier Street, as required for proper domiciliary service under La.Code Civ.Proc.Ann. art. 1234. Furthermore, although domiciliary service is permitted under Article 210 of the Code of Criminal Procedure, Article 579 A(3) specifies that the record must reflect actual notice, not mere service, before a failure to appear constitutes an interruption of prescription.
Mr. Foster has consistently given 2325 Gravier as his home address, even after the three-year hiatus in prosecution, yet there is no indication in the record |4that the police attempted to arrest him on the outstanding warrant prior to October 1993. Additionally, although he was free on bond from October 6, 1993 until his conviction July 28, 1994, he appeared in court for all proceedings. Thus, on the face of this record, the denial of Mr. Foster’s motion to quash appears patently erroneous and unjust.
However, because the trial court did not afford the State the opportunity to present evidence in opposition to Mr. Foster’s motion, I would find it appropriate to remand this case for a reopened hearing on the motion to quash and a new decision under La. Code Crim.Proe.Ann. art. 579 and the applicable cases. State v. Collins, 546 So.2d 1246 (La.App. 1st Cir.1989), writs denied, 558 So.2d 599 (La.1990). If the trial court then determined the State failed to carry its burden, this prosecution for simple burglary should be dismissed. La.Code Crim.Proc. Ann. art. 581.