CHARLES R. JONES, Judge.
 

 |, The State of Louisiana appeals the order of the district court granting the defendant’s motion to quash the indictment filed against him. Our review of the record and law indicates the district court erred, thus we vacate the order granting the motion to quash and remand.
 

 Oscar J. Peters II, was arrested on August 2, 2005, for possession of a controlled substance. Peters was released on five thousand dollars ($5,000.00) bond. Hurricane Katrina struck the City of New Orleans on August 29, 2005, and on November 16, 2005, Peters was charged by bill of information with one count of possession of hydrocodone (codeine).
 

 A notice of arraignment for March 30, 2006, was served at the last known address of Peters. He did not appear for the arraignment, and on April 24, 2006, his surety was served with notice of arraignment for May 23, 2006. Peters again failed to appear, and on June 7, 2006, the matter was set for a bond forfeiture hearing. Notice thereof was sent to the address listed on the bond filed of record. On June 23, 2006, after failing to appear before the court, bond for Peters was forfeited and an alias capias was issued for his arrest.
 

 On January 12, 2010, Peters appeared for arraignment, posting a |2$10,000 recognizance bond. On February 9, 2010, he filed a motion to quash the bill of information. The state filed its written response to the quashal motion on February 18, 2010. The district court granted the motion to quash on February 24, 2010, giving the following oral reasons:
 

 However, due to circumstances beyond your control, and this is an unusual legal situation, you did everything you were supposed to do, you were not in a house that wasn’t habitable any longer. The fact that service was never properly obtained at that location and the alias capi-as was issued and the bond was forfeited after there was no address at a location that was not habitable any longer, it was an improper alias capias and a forfeiture of the bond.
 

 On January 12, 2010, you appeared in court and you were arraigned at that time. But on February 18, 2010, the defense filed a motion to quash because the time to prosecute the defendant had prescribed. This Court finds that it had indeed prescribed because he was not arraigned within the legal guidelines set forth for arraignments. I grant your motion to quash. And because there was no service on the defendant.
 

 This appeal was timely filed.
 

 In its brief, the state argues that prescription was interrupted when Peters failed to appear for his first arraignment date of March 30, 2006. Thereafter, despite several attempts to serve both Peters and his bail company, Peters did not appear until January 12, 2010.
 

 La.C.Cr.P. art. 578(A)(2) provides:
 

 
 *235
 
 A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
 

 (2) In other felony cases after two years from the date of institution of the prosecution;
 

 [aLa.C.Cr.P. art. 579, recently amended by the state legislature,
 
 [1]
 
 governs which actions by the defendant interrupt the running of prescription. It provides in pertinent part:
 

 A. The period of limitation established by Article 578 shall be interrupted if any of the following occur:
 

 (1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
 

 (2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
 

 (3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record. (Emphasis added)
 

 The state argues that Peters had a duty to make certain that his new address was made a part of the record. By failing to update his address on the record post-Katrina, the running of the La.C.Cr.P. art. 578(A)(2) limitation on prosecution was interrupted.
 
 [2]
 
 The state avers that throughout the period encompassing March 30, 2006, the first unsuccessful post hurricane attempt to subpoena Peters, until January 12, 2010, when Peters appeared for arraignment, Peters was in bad faith. That bad faith, the state argues, interrupts the running of any time limitations and precludes the granting of a motion to quash.
 

 |4The state argues that because Peters received “actual notice”, any delays in the proceedings were solely the fault of Peters and that prescription was interrupted when Peters failed to appear for his scheduled court dates. The state goes on to argue that these limitations began to run anew upon his reappearance in January 2010.
 

 The state presented to the district court that Peters illustrated his intent to absent himself from the address provided on his bond by not complying with the mandates of La.C.Cr.P. art. 322(A), which requires a defendant to keep the trial court updated with his current address by filing an affidavit with the Clerk of Court. The state argued that the address provided on the bond presumptively “continue[s] for all proceedings on the bond, until [the defendant] files in the proceeding in which the bond was given a written declaration changing the address.” La.C.Cr.P. art. 322(A).
 

 The state also argues herein that La. C.Cr.P. art. 579 does not impose on the state the affirmative duty to search for a defendant who has failed to appear before the court after receiving actual notice. “[A] defendant who has chosen to ignore actual notice should not receive any benefit from his action; by the same token, the Appellant should not bear the burden of finding and reserving (or arresting) such defendants.”
 
 State v. Romar,
 
 2007-2140,
 
 *236
 
 p. 5 (La.7/1/08), 985 So.2d 722, 726 (quoting
 
 State v. Buckley,
 
 2002-1288, p. 8 (La.App. 3 Cir. 3/5/03), 839 So.2d 1193, 1199) (Emphasis added).
 

 La.C.Cr.P. art. 322, entitled
 
 [3]
 

 Declaration of residence and last four \ ¿digits of the social security number by defendant and surety; waiver of notice
 
 now provides in pertinent part:
 

 The defendant when signing a bail bond shall write under his signature the address at which he resides and the last four digits of his social security number. The address shall be conclusively presumed to continue for all proceedings on the bond, until he files in the proceeding in which the bond was given a written declaration changing the address. The defendant may, by affidavit filed of record in the proceeding in which the bond was given, appoint his counsel as his agent for service of notice to appear. The appointment shall be conclusively presumed to continue until the defendant files of record an affidavit revoking or changing the appointment. A bail bond shall not be set aside because of the invalidity of the information required by this Article or for the failure to include the information required by the provisions of this Article.
 

 Generally, once the two year prescriptive period has lapsed, the state must demonstrate either an interruption or a suspension of the time limit to prove that prescription has not tolled.
 
 State v. Odom,
 
 2006-0975, pp. 3-4 (La.11/3/06), 941 So.2d 24, 26. “An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute.”
 
 State v. Rome,
 
 93-1221, p. 3 (La.1/14/94), 630 So.2d 1284, 1287.
 

 By the failure of Peters to update the record with his current address, the state argues, his conduct constituted an interruption under Article 579(A)(2), and the state cites
 
 State v. Romar,
 
 2007-2140 (La.7/1/08), 985 So.2d 722, and
 
 State v. Smith,
 
 07-959 (La.App. 5 Cir. 3/11/08, 982 So.2d 831).
 

 In
 
 Romar,
 
 the defendant was charged with a third offense DWI in 1997 and appeared for arraignment in January 1998.
 
 Id.,
 
 p. 1, 985 So.2d at 724. He appeared again for a pretrial motion hearing, which was then reset for April.
 
 Id.
 
 failed to appear in April and again in June, 1998, at which time the court forfeited |fihis bond and issued an attachment for his arrest.
 
 Id.
 
 The defendant was arrested in 2006, eight years later.
 
 Id.,
 
 p. 2, 985 So.2d at 724. He subsequently sought to quash the prosecution on the grounds that the appellant had failed to exercise due diligence to execute the outstanding warrant in the years following his non-appearance in court.
 
 Id.
 
 He presented evidence to show that he had renewed his driver’s license in 2003, and also presented utility bills to show that he had lived at the same address for many years.
 
 Id.
 
 However, he admitted that he never notified the court or his bondsman of his change of address, testifying that his attorney (said) that he would take care of it.
 
 Id.
 
 The trial court quashed the charge, and the appellate court affirmed. The Supreme Court reversed, stating:
 

 In the present case, the period of limitation did not begin to run anew until the cause of the interruption no longer existed,
 
 i.e.,
 
 until defendant was finally
 
 *237
 
 arrested on the open attachment and appeared in court to dispose of the criminal contempt proceeding. The burden under La.C.Cr.P. art. 579(A)(3) thus falls not on the state to show that defendant had placed himself outside of its control to secure his presence at trial but on defendant and his sureties to avoid the consequences of his failure to appear in court after receiving notice, and one of those consequence, since 1984, is the interruption of the time limits placed on trial.
 

 Romar,
 
 2007-2140, pp. 7-8, 985 So.2d at 727.
 

 State v. Smith,
 
 07-959, (La.App. 5 Cir. 3/11/08) 982 So.2d 831, another Katrina related case, presents a somewhat similar set of facts to those in the instant case. The defendant was charged with theft by shoplifting merchandise valued between one hundred and five hundred dollars, punishable at the time as a felony.
 
 Id.,
 
 p. 3, 982 So.2d at 833. At trial the defendant pled to the offense, but reserved her right to appellate review of the trial judge’s denial of her motion to quash the bill of information.
 
 Id.
 
 Her motion was based on the state’s failure to 17commence trial within the statutory prescriptive period.
 
 Id.,
 
 p. 5, 982 So.2d at 834. The court found that the state had exercised due diligence sufficient to satisfy its burden.
 
 Id.,
 
 p. 8, 982 So.2d at 836.
 

 In
 
 State v. Sorden,
 
 2009-1416 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, on June 13, 2005, defendant Ericka D. Sorden was charged by bill of information with one count of aggravated battery under case number 460-306.
 
 Id.,
 
 45 So.3d 181, 183. At arraignment on July 18, 2005, the defendant entered a plea of not guilty.
 
 Id.
 
 The defendant was present for scheduled motion hearing on August 16, 2005. Hurricane Katrina struck the City of New Orleans on August 29, 2005.
 
 Id.
 

 A status hearing was set for October 18, 2006.
 
 Id.
 
 The court discovered that no service had been made on defendant, and the matter was reset to December 19, 2006.
 
 Id.
 
 On that date, with the defendant present, the charge was
 
 nolle prosequied
 
 by the State of Louisiana.
 
 Id.
 
 The capias was recalled, the bond obligation removed and the ease was closed.
 
 Id.
 

 The state then reinstituted the charge on February 7, 2007, under case number 468^188.
 
 Id.
 
 The defendant did not appear for a February 9, 2007 arraignment date.
 
 Id.
 
 An alias capias with no bond was issued for her, and February 26, 2007, the matter was set as the new hearing date.
 
 Id.,
 
 45 So.3d 181, 183. The defendant did not appear on February 26, 2007.
 
 Id.
 
 There was a motion for bond forfeiture which was granted by the court, and an alias capias issued for defendant in the amount of $25,000.
 
 Id.
 
 The matter was continued without date.
 
 Id.
 

 On June 12, 2009, the defendant appeared without counsel for status hearing.
 
 Id.,
 
 45 So.3d 181, 183. The capias was recalled.
 
 Id.
 
 The |sdefendant was rear-raigned on July 8, 2009 and entered a plea of not guilty to the aggravated battery charge.
 
 Id.
 
 On August 21, 2009, the defendant appeared in court with her attorney to file a Motion to Quash.
 
 Id.
 
 The motion was granted by the trial court, and the state appealed the ruling.
 
 Id.
 
 In its opinion, this Court said:
 

 Maintaining a current address is accordingly a defendant’s obligation under an existing bond. La.C.Cr.P. art. 322 E, providing that “[b]y signing the bail bond, the defendant and his surety waive any right to notice, except the notice provided for in Article 344 and R.S. 15:85,” qualifies that obligation. Not to be overlooked is the requirement of Article 344 B(2) which provides that the
 
 mailing
 
 of notice to appear in court
 
 *238
 
 must be “at least three days prior to the day set for the appearance.” When the court set the initial arraignment date two days after the reinstitution of the prosecution, even if the ROR bond was still in effect, there would have been insufficient notice provided to Ms. Sor-den under any bond obligation.
 

 [[Image here]]
 

 Likewise, because Ms. Sorden was not properly served after her charge was dismissed, she never received “actual notice” under La.C.Cr.P. art. 579 A(3), which interrupts the period of limitation if “[t]he defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears in the record.” Had Ms. Sorden been adequately notified, the prosecution’s reinstitution of the charge would have been timely, as the prosecution would not bear the burden of showing that it attempted to locate her, and the time limits would then have been interrupted until her reappearance.
 

 [[Image here]]
 

 We emphasize that the prosecution has an affirmative duty to provide proof that satisfies the requirements of the provisions of article 579 A(l) and (2). The prosecution has not done so. Further, the record does not show that Ms. Sor-den received the “actual notice” that would relieve the prosecution of this affirmative duty and interrupt the time limitation pursuant to La.C.Cr.P.- art. 579 A(3). The prosecution has been unable to identify anything between the time the charge was reinstituted on February 7, 2007, and the expiration of time for [ ¡prosecution two years later, on February 7, 2009, that would trigger a suspension or interruption of the time limitation pursuant to La.C.Cr.P. arts. 579 or 580. Accordingly, the trial court did not err in granting Ms. Sorderis motion to quash.
 

 Sorden,
 
 45 So.3d 181, pp. 5, 8, 9.
 

 An essential constant in caselaw is the importance placed upon the requirement that the defendant receive
 
 actual notice,
 
 and that it is clear that the state must make a specific showing of service upon the defendant before a quashal motion may be defeated. Additionally, the case-law suggests a requirement that a defendant give notice to the court when his address changes.
 

 Peters argues that he was never given “actual notice”, as anticipated by La.C.C.P. art. 579(A)(3), to appear in court. He further argues that there is no evidence that he deliberately “absented himself from his usual place of abode in order to avoid detection, apprehension, or prosecution”. He argues that he had no way of knowing that the August 2, 2005 arrest had resulted in the initiation of a felony charge. He further argues that his home was destroyed in the hurricane and that the offices of his bonding company were inundated with eight feet of water before the state filed the bill of information against him on November 16, 2005.
 

 Peters argues and distinguishes
 
 Romar,
 
 suggesting that therein, the defendant received actual notice to appear in April 1998 while in open court. Romar knew of the scheduled appearance and consciously chose not to appear.
 
 Id.,
 
 p. 1, 985 So.2d at 724. In contrast, Peters in the instant case did not receive actual notice to appear for arraignment, as the bill of information was not filed until after Hurricane Katrina struck the city, and he had been forced to leave his residence. Under
 
 State v. Francis,
 
 2007-0480, p. 7 (La.App. 4 Cir. 1/30/08), 977 So.2d 187, 192 and later,
 
 State v. Hamilton,
 
 2007-0581, p. 7 (La.App. 4 Cir. 3/5/08), 980 So.2d 147, 151, interrup
 
 *239
 
 tion of the time limit to commence a new trial caused by Hurricane Katrina ceased to exist on June 5, 2006, the day on which the first criminal jury trial actually occurred in Orleans Parish after Hurricane Katrina. Thus, Peters argues the state had two years (until June 5, 2008) to commence trial, and that prescriptive period had long since expired when he filed his motion to quash on February 9, 2010, thereby violating his right to a speedy trial.
 

 In
 
 State v. Carcamo,
 
 03-589, (La.App. 5 Cir. 10/28/03), 860 So.2d 220, the defendant failed to appear for arraignment on May 7, 1999, having never been served.
 
 Id.,
 
 p. 5, 860 So.2d at 221. Two unsuccessful attempts at service had been made to his last known address prior to the arraignment, and on subsequent dates, “numerous” attempts at service resulted in no response.
 
 Id.
 
 The sheriff learned on March 22, 1999 that the defendant had moved to an address in Virginia.
 
 Id.
 
 The state made an attempt to serve the defendant by certified mail, but the letter was returned for “a better address.”
 
 Id.
 

 The Louisiana Fifth Circuit Court of Appeal upheld a motion to quash a bill of information.
 
 Id.,
 
 p. 7, 860 So.2d at 225. The state argued that it had been unable to serve the defendant, and that therefore, prescription had been interrupted under La.C.Cr.P. art. 579.
 
 Id.,
 
 p. 5, 860 So.2d at 222. The Court found the prosecution “untimely” and that no diligent effort had been made to subpoena the defendant.
 
 Id.,
 
 p. 7, 860 So.2d at 225. The Court stated:
 

 Although the prescriptive period of La.C.Cr.P. art. 578 may be interrupted by defendant’s presence outside of the state under C.Cr.P. art. 579(A)(1), the state bears the heavy burden of establishing that the purpose of the defendant’s absence from the state was to avoid detection, apprehension, or prosecution.
 
 State v. Amarena,
 
 426 So.2d 613 (La.1983);
 
 State v. Kraft,
 
 501 So.2d 313, 316 (La.App. 5 Cir.1987), writ denied, 505 So.2d 1140 (La.1987).
 

 -LlT ⅜
 

 The inability to serve a defendant under certain circumstances has been held to constitute interruption. See,
 
 State v. Gauthe,
 
 525 So.2d 1193 (La.App. 5 Cir.1988), writ denied, 532 So.2d 131 (La. 1988). However to satisfy its heavy burden in establishing interruption on these grounds, the state is required to exercise due diligence in discovering the whereabouts of the defendant as well as in taking appropriate steps to secure his presence for trial once it has found him.
 
 State v. Chadbourne,
 
 98-1998 (La.1/8/99), 728 So.2d 832;
 
 State v. Estill,
 
 614 So.2d 709, 710 (La.1993).
 

 Carcamo,
 
 03-589, p. 7, 860 So.2d at 223-224.
 

 We determine whether in the matter
 
 sub judice,
 
 the sufficiency of notice upon Peters, the requirement that Peters should have provided a change of address of record, and whether the state satisfied its burden of notice. While it is true that Peters was arrested and released on bond prior to Hurricane Katrina, and would therefore have had no way of knowing that a bill of information had actually been filed against him, it is also true that the destruction and dislocation left in the wake of the hurricane made reliable service of process difficult if not impossible to accomplish at the address of Peters on record. While there was no actual notice to Peters of the bill of information filed, he was aware of the pending charges and failed to provide his change of address to the court as mandated by La.C.Cr.P. art. 322. Because of his failure to provide this information to the Court, the state was unable to serve him at the only address he had provided.
 
 Sorden
 
 is distinguishable from the matter herein. In
 
 Sorden,
 
 the defen
 
 *240
 
 dant had been relieved of her bond obligation. 45 So.3d 181, 183. Peters remained under his bond obligation, and had he complied with art. 322, the state would have been able to provide actual notice to him in a timely manner.
 

 | i2La.C.Cr.P. art. 322(A) places the responsibility of providing the clerk of court with a valid, updated address on the shoulders of the defendant, and Peters failed to do so. Thus, the district court erred in granting the motion to quash of the defendant.
 

 DECREE
 

 The judgment of the district court granting the motion to quash filed by Oscar J. Peters is reversed, and the matter is remanded for further proceedings not inconsistent with our decree.
 

 REVERSED.
 

 [1]
 

 . As amended by 2010 Louisiana House Bill No. 1237, Louisiana Thirty-Sixth Regular Session March 29, 2010.
 

 [2]
 

 . The state now argues that this failure relieves the state of responsibility for any speedy trial violations, citing
 
 Barker v. Wingo,
 
 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972).
 

 [3]
 

 . La.C.Cr.P. art. 322 was amended by 2010 Act. No. 710. Particularly, in the article heading, the Louisiana Legislature inserted "and last four digits of the social security number;” and in paragraphs A and B, in the first sentences, added "and the last four digits of his social security number,” and added the last sentence.