PAUL A. BONIN, Judge.
| ]The district attorney appeals the trial judge’s ruling sustaining Steven Lawson’s motion to quash the bill of information because his trial on the charge of unlawful possession of diazepam had not commenced within two years of the filing of the bill of information. See La.C.Cr.P. art. 912 B(l). As there is no question that the trial was not timely commenced within the two-year prescriptive period, the district attorney bore the heavy burden of establishing that the prescriptive period was either interrupted or suspended.
The trial judge found Mr. Lawson was still residing at the location he identified on his bond when the deputy sheriff unsuccessfully attempted to serve him with notice of arraignment. In light of the evidence adduced at the hearing on the motion to quash, we conclude that the trial judge’s finding was reasonable, and that the trial judge did not abuse his discretion in sustaining the motion to quash. Accordingly, we affirm his ruling.
We explain our decision in more detail below.
_ki
The unlawful possession of diazepam is a non-capital felony charge. See La. R.S. 40:964 Schedule IV B(14); La. R.S. 40:969 C(2) (any violator shall be imprisoned with or without hard labor for not more than five years, and may be ordered to pay a fine not to exceed $5,000). As a general rule, a trial for such a non-capital felony charge must commence within two years from the date of the institution of prosecution. See La.C.Cr.P. art. 578 A(2). A prosecution is instituted by the filing of an indictment or, as here, a bill of information. See La.C.Cr.P. art. 382 A. This two-year time period can be interrupted.[1] See La.C.Cr.P. art. 579. If the two-year period is properly interrupted, then the full two-year period begins to run anew from the date such interruption ceases. See La.C.Cr.P. art. 579 C; see also Part II, post.
Here, the prosecution of Mr. Lawson was instituted by the filing of a bill of information on March 19, 2008. Mr. Lawson’s first court appearance regarding this matter was on May 11, 2012; he filed his motion to quash on September 28, 2012.[2] His motion was timely filed. See La. C.Cr.P. art. 535 B. Thus, unless the district attorney showed that this prescriptive period was interrupted, the trial judge correctly sustained the motion to quash Mr. Lawson’s bill of information, and properly dismissed the charges against Mr. Lawson. See La.C.Cr.P. art. 538(3).
II
Our jurisprudence has long emphasized the importance of enforcing the statutory right of an accused to a speedy trial. This right strives “to prevent the Isoppression caused by suspending criminal prosecutions over citizens for indefinite periods of time.” State v. Ramirez, 07-0652, p. 4 (La.App. 4 Cir. 1/9/08), 976 So.2d 204, *795 207 (citing State v. Walgamotte, 415 So.2d 205, 210 (La.1982)). Once the statutorily-provided period has lapsed, the district attorney bears the burden of showing that an exception to this two-year limitation applies, and that commencement of trial was timely. See State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286-1287. This burden on the district attorney to show that he is excused from trying the accused within the limitations period is a heavy one. See State v. Estill, 614 So.2d 709, 710 (La.1993).
The district attorney contends that the two-year limitation was interrupted because Mr. Lawson’s presence could not be obtained by legal process. See La.C.Cr.P. art. 579 A(3). The district attorney points to the address furnished by Mr. Lawson in his release-on-recognizance bond — 3934 Louisiana Avenue Parkway, New Orleans, LA 70125. This address is “conclusively presumed to continue for all proceedings on the bond until the party providing the address changes it by filing a written declaration in the proceeding for which the bond was filed.” La.C.Cr.P. art. 322 B. Because Mr. Lawson’s bond did not fix an appearance date, he was entitled to written notice of the date, time, and place that the court ordered him to appear. See La. C.Cr.P. art. 344 B. The written notice to Mr. Lawson could have been given either through delivery by an officer designated by the court at least two days prior to the appearance date or by first class mail at least five days before the appearance date. La.C.Cr.P. art. 344 D. Such notice is to be given at the address listed on the bond in compliance with La.C.Cr.P. art. 322. See La.C.Cr.P. art. 344 D.
|4A deputy sheriff went to that address but was unable to serve anyone at that location. On his return, he noted that the residence was “vacant,” and that the “subject moved.” See La.C.Cr.P. art. 736 A (“When the witness cannot be found, the sheriff must set out in his return every fact that in his opinion justifies the return.”) “The return, when received by the clerk, shall form part of the record and shall be considered prima facie correct.” Id. The deputy testified at the hearing on the motion that he had no personal recollection of the attempted service or the location in question, but did describe his customary practices in determining that a given property is vacant, such as looking in the windows or checking for an electrical meter or other utility service. See La. C.E. art. 406 (evidence of the habit of a person is relevant to prove that the conduct of the person was in conformity with the habit). No other effort to serve Mr. Lawson was undertaken, and the prosecution did not offer any evidence to corroborate the deputy’s testimony.
The district attorney relies upon our decision in State v. Peters, which he characterizes as analogous to this case. See 10-0939 (La.App. 4 Cir. 11/17/10), 52 So.3d 233. There, the defendant had provided an address on his bond, and failed to notify the court that he moved from his residence after Hurricane Katrina. In that case, notice of arraignment was sent to the defendant at the address provided on the bond, but there was no actual notice to him. The defendant predictably failed to appear. We concluded that, because of the defendant’s failure to perform his duty and provide a declaration of his change of address as required by La.C.Cr.P; art. 322, “the state was unable to serve him at the only address he had provided.” Peters, 10-0939 at p. 11, 52 So.3d at 239. We then reversed the district court’s granting of the defendant’s motion to quash. Id. p. 12, 52 So.3d at 240.
IsPeters might be binding on this Court if either the trial judge found that Mr. Lawson had moved, or we found that the *796 trial judge was unreasonable in that finding. Unlike Peters, however, there was conflicting testimony and evidence before the trial judge. The trial judge, in this case, had the benefit of hearing the testimony of Mr. Lawson’s aunt, the owner of the property in question. Her affidavit, and the affidavit of Mr. Lawson’s mother were attached to the motion to quash. They both asserted in their affidavits that Mr. Lawson was exclusively residing at that location, with his aunt’s knowledge and permission, from December 2006 through the summer of 2008. (The deputy’s service was attempted on March 25, 2008.) The aunt’s affidavit stated that, while Mr. Lawson was repairing the storm-damaged property, he resided in the home with running water, electrical power, and other amenities needed to live there. Thus, the district attorney received sufficient notice before the hearing that Mr. Lawson would claim that the residence in question was habitable and that the sheriffs return was actually incorrect.
Mr. Lawson’s aunt testified at the hearing, virtually repeating what she declared in her affidavit. She added that, if one looked through the front door of the property, the property might appear vacant, and one might not realize that there were two sofas in the large room. She also testified that a blanket covered the bedroom window by the porch, completely obstructing anyone’s ability to see into the room. On cross-examination, she responded that Entergy had not disconnected the electricity until August 2008, more than four months after the attempted service at that location.
After hearing from both witnesses, the trial judge found them both to be credible. Additionally, he noted that it was not uncommon for persons to be living 1 fiin hurricane-ravaged houses. He accepted the aunt’s testimony that Mr. Lawson was residing at the address listed on his bond when the deputy sheriff attempted service of the notice of arraignment. He then sustained Mr. Lawson’s motion.
Ill
Because this motion to quash presents both questions of fact and law, we review the district judge’s ruling under an abuse-of-discretion standard.[3] We specifically review the trial court’s granting of this motion to quash on the ground that the time limitation or prescriptive period for commencement of trial had expired under that same standard. See State v. Dillon, 11-0188, p. 4 (La.App. 4 Cir. 8/24/11), 72 So.3d 473, 475-476.
 A district court necessarily abuses its discretion when its ruling is based on an erroneous view of the law. See, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); United States v. Taylor, 487 U.S. 326, 335-336, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (noting that discretionary choices are not left to a court’s inclination, but to its judgment, which is guided by sound legal principles); see also Dillon, 11-1088 at p. 5, 72 So.3d at 476. Thus, if a trial court, in exercising its discretion, bases its ruling upon an erroneous view or application of the law, its ruling is not entitled to our deference. But, in the ab *797 sence of this, the trial judge’s factual findings are entitled to our deference due to the complementary roles of trial and appellate judges. State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206.
17Here, the trial judge’s finding was based upon the credible testimony of Mr. Lawson’s aunt, the owner of the residence. While the trial judge did not find the deputy sheriffs testimony to be incredible, we infer that the trial judge found the deputy mistaken in his conclusion that the residence was vacant at the time that service was attempted. As we mentioned in Part II, ante, a sheriffs return is considered prima facie correct. See La.C.Cr.P. art. 736. But the presumption is rebutta-ble if the trier of fact is persuaded by a preponderance of the evidence that the return is incorrect. See La. C.E. arts. 306 and 308; Hall v. Folger Coffee Co., 03-1734, p. 6-7 (La.4/14/04), 874 So.2d 90, 96-98 (setting forth a six-step method to determine insufficiency of service of process).[4] Article 736, which is expressly addressed to the subpoenaing of witnesses, has been applied to a defendant’s notice of trial, see State v. Mills, 390 So.2d 874, 877 (La.1980), and to a defendant’s notice of arraignment, see State v. Sorden, 09-1416, pp. 10-11 (La.App. 4 Cir. 8/4/10), 45 So.3d 181,187-188.
As the trial judge suggested, the aunt’s testimony that Mr. Lawson was living in a damaged home is not implausible considering the conditions of the city following Hurricane Katrina. The district attorney introduced no objective evidence that the house was not habitable. In light of the forewarning given to the district attorney about the aunt’s expected testimony and the failure of the district attorney to prepare to challenge her testimony with contradictory objective evidence, we do not find her testimony internally inconsistent, much less impeached. A reasonable fact-finder could credit the aunt’s testimony. Thus, we cannot say that the trial judge’s factual determination that Mr. Lawson, at the time [sof service, was still residing at the address provided on his bond was unreasonable or implausible. See Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989).
Based upon the reasonable factual finding by the trial judge that Mr. Lawson was still residing on Louisiana Avenue Parkway at the time of the attempted service, we cannot hold that the trial judge abused his discretion in sustaining the motion to quash. The district attorney did not discharge his heavy burden to show that Mr. Lawson had moved from the property.
CONCLUSION
Thus, the two-year limitation period from the institution of prosecution expired without interruption. The district attorney is not authorized to bring Mr. Lawson to trial on the charge of unlawful possession of diazepam.
DECREE
We affirm the ruling which sustained the motion to quash the bill of information, dismissed the charges, and discharged the defendant, Steven Lawson. See La. C.Cr.P. art. 581.
AFFIRMED.

. The period may also be suspended by the filing of a motion. See La.C.Cr.P. art. 580.

. His motion also asserted the alternative ground that his right to a speedy trial had been violated.

. We generally review trial court rulings on motions to quash under an abuse-of-discretion standard. See State v. Love, 00-3347, pp. 9-10 (La.5/23/03), 847 So.2d 1198, 1206; State v. Batiste, 05-1571, p. 9 (La.10/17/06), 939 So.2d 1245, 1251. When, however, the issue presented in a motion to quash is exclusively a question of law, we review the ruling de novo. See State v. Hamdan, 12-1986, p. 6 (La.3/19/13), 112 So.3d 812, 816. See also State v. Schmolke, 12-0406, p. 4 (La.App. 4 Cir. 1/16/13), 108 So.3d 296, 299. Under a de novo standard of review, we do not defer to any factual findings by the trial judge. Id.

. Hall considered a provision comparable to La.C.Cr.P. art. 736, which is La. C.C.P. art. 1292.