CLARENCE E. McMANUS, Judge.
|20n January 6, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, Russel Cox, with second degree battery in violation of LSA-R.S. 14:34.1. Defendant pled not guilty to this charge at his arraignment on February 3, 2011. On April 25, 2011, defendant withdrew his not guilty plea and pled guilty to second degree battery. Defendant was sentenced on this same date to five years imprisonment with the Department of Corrections. This sentence was suspended, and defendant was placed on active probation for five years. On May 17, 2011, defendant filed a pro se motion for appeal, which was granted by the trial court on May 19, 2011. Defendant’s appeal follows.

ANDERS BRIEF

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990), appointed appellant counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, *634 appointed counsel requests to withdraw as counsel of record.
In Anders, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be wholly frivolous after a conscientious examination of it. The request must be accompanied by “a brief referring to anything in the record that might arguably support the appeal” so as to provide the reviewing court “with a basis for ^determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).
In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Jyles, supra.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929 at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
In this case, defendant’s appellate counsel asserts that after a conscientious and thorough review of the trial court record, she could find no non-frivolous tissues to raise on appeal and could find no ruling of the trial court that arguably supports the appeal. She sets forth the procedural history of the case and a brief statement of the facts. She then contends that defendant was fully informed of the legal consequences of changing his plea by both his trial counsel as well as the trial court. She asserts that the plea colloquy reveals that the trial court explained each of the rights necessary to ensure a knowing and intelligent waiver of rights, including his right to a trial by jury, to remain silent, and to confront witnesses. She contends that defendant was advised as to the sentence that would be imposed if his plea was accepted and that defendant was sentenced in accordance with the plea agreement, noting that defendant did not object or move for reconsideration. Counsel asserts that defendant is restricted by law from appealing his sentence, citing LSA-C.Cr.P. art. 881.2. Nevertheless, counsel requests that any errors patent be listed as assignments of error for purposes of this appeal.
Appellate counsel has filed a motion to withdraw as attorney of record, which states that she has made a conscientious and thorough review of the trial court record and can find no non-frivolous issues to raise on appeal and no rulings of the trial court which arguably would support *635 the appeal. She contends she has prepared an appellate brief in compliance with Anders and Jyles. She further asserts that she has notified defendant of the filing of her motion and advised him of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until November 4, 2011, to file a pro se supplemental brief. Defendant has not filed a brief as of the date of this opinion.
The State responds that appellate counsel shows a conscientious and thorough review and recitation of the procedural history of the case and that counsel has cast an advocate’s eye over the record, determining there were no 1 .^significant non-frivolous issues upon which to base an appeal. The State agreed that the Boykin examination by the court was proper and that defendant was made aware of his rights he would be waiving. The State further contends that defendant was made aware of the potential for use of the felony conviction for purposes of enhancement in the future. The State concludes that the court conducted a thorough examination ensuring defendant’s understanding and voluntariness. Further, the State contends that the sentencing was proper and notes that no motion to reconsider was filed. The State also asserts that defendant is procedurally barred from seeking review of his sentence, which was imposed in accordance with a plea agreement. The State further recognizes that defendant was made aware of the sentencing range for the offense and the sentence that would be imposed. The State concludes that appellate counsel has conformed with and followed the procedures in Anders and Jyles and her request to withdraw should be granted.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal.
The bill of information in this case properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crime charged. See generally LSA-C.Cr.P. arts. 464-66.
As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He attended his arraignment, his guilty plea, and his sentencing. As such, defendant’s presence does not present any issue that would support an appeal.
Further, defendant pled guilty as charged. If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the | sguilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664.
Defendant filed several pre-trial motions, including motions to suppress, which do not appear to have been ruled upon prior to when defendant pled guilty. When a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. See State v. Corzo, 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101,1102. There were no rulings to preserve for appeal under the holding in State v. Crosby, 338 So.2d 584 (La.1976).
Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, OS-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d *636 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. McCoil, supra. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La. 1984).
The record shows that defendant was aware he was pleading guilty to second degree battery. He was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination, as required by Boykin v. Alabama. Defendant was advised of these rights during the colloquy with the trial judge and by means of the waiver of rights form. Defendant indicated that he understood that he was waiving these rights. The trial judge indicated that he was 17accepting defendant’s plea as knowingly, intelligently, freely, and voluntarily made.
Defendant further indicated that he was satisfied with the way his counsel and the court handled the matter. He stated that he had not been forced, coerced, or threatened to enter his guilty plea. He was also informed that by pleading guilty to this felony that his guilty plea could be used to enhance a penalty for any future felony conviction should he be convicted of another felony in the future.
Defendant was also advised during the colloquy and by means of the waiver of rights form that he faced a possible sentencing range of zero to five years at hard labor/with the Department of Corrections. Also by means of the form and during the colloquy, defendant was informed of what his sentence would be if his guilty plea was accepted by the court. The waiver of rights form also suggests that defendant understood the possible consequences of pleading guilty and wished to plead guilty. The waiver of rights form was signed and initialed by defendant, and was also signed by his counsel and the judge.
Defendant’s sentence does not appear to present issues for appeal. Defendant’s sentence falls within the sentencing range prescribed by statute. See LSA-R.S. 14:34.1. Further, defendant’s sentence was imposed pursuant to a plea agreement. Defendant knew what his sentence would be if he chose to plead guilty. It appears defendant received a sentence in conformity with the agreement. LSA-C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. State v. Washington, 05-211, p. 5 (La.App. 5 Cir. 10/6/05), 916 So.2d 1171,1173.
Based on the foregoing, the proceedings surrounding defendant’s plea of guilty and his sentence do not present any non-frivolous issues to be raised on |sappeal. Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, defendant’s conviction and sentence are affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.

ERROR PATENT DISCUSSION

Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990) regardless of whether defendant makes such a request.
*637 First, although the commitment reflects that defendant was properly advised of the prescriptive period for filing an application for post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8, the transcript reflects an incomplete advisal. The transcript reflects that defendant was advised that he had “two years after the judgment of conviction become [sic] final within which to file for post-conviction relief[.]” This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence become final is incomplete. State v. Grant, 04-341, p. 5 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598 (emphasis as found in original). The transcript prevails when there is a discrepancy between the commitment and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983). Further, the waiver of rights form reflects an incomplete advisal, providing that defendant had “two (2) years to file post-conviction relief.”
This Court has recently corrected this error patent by way of its opinion. See State v. Neely, 08-707, p. 9 (La.App. 5 Cir. 12/16/08), 3 So.3d 532, 538, writ denied, 09-0248 (La.10/30/09), 21 So.3d 272; State v. Davenport, 08-463, pp. lO-fil;, (La.App. 5 Cir. 11/25/08), 2 So.3d 445, 451, writ denied, 09-0158 (La.10/16/09), 19 So.3d 473. As such, this Court advises defendant, by way of this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922.
Second, we note that the transcript reflects that the trial judge addressed some conditions of defendant’s probation, noting that defendant was not limited to these conditions but instead was subject to the conditions of probation as outlined in the form defendant had signed. The commitment includes some of the conditions as stated in the transcript, and adds a few from the conditions of probation form. We find that this is adequate because the transcript shows that the judge arguably incorporates the form into his sentencing by making reference to the form.
Further, the conditions of probation form reflects defendant’s initials next to each item, even items not mentioned in the transcript such as restitution and community service. We find that, because the listed amounts for such items are blank, that these items were available, but were not ordered in the instant matter.
Accordingly, we affirm defendant’s conviction and sentence and grant defense counsel’s motion to withdraw as counsel of record.

CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW AS COUNSEL OF RECORD GRANTED