ROBERT A. CHAISSON, Judge.
|2The sole issue raised in this appeal is whether the trial court erred in denying the defendant’s motion to quash the bill of information. For the reasons that follow, we find no error in the trial court’s ruling and accordingly affirm the defendant’s convictions and sentences.

*983
STATEMENT OF THE CASE

In order to address the defendant’s allegation that the time limitation for the commencement of trial expired, it is necessary to recite the lengthy procedural history of this case.
The defendant was arrested on May 15, 2007, and on May 16, 2007, he signed an appearance bond, in which he agreed to appear for a hearing on June 29, 2007. In the bond, the defendant listed a Piety Street address. On June 13, 2007, the Jefferson Parish District Attorney filed a bill of information charging the defendant with monetary instrument abuse, in violation of LSA-R.S. 14:72.2 |s(count one), and possession of MDMA, in violation of LSA-R.S. 40:966 C (count two).
On June 29, 2007, the defendant failed to appear in court. At the request of the State, the trial court ordered that the defendant’s bond be forfeited and that an attachment be issued for the defendant. On July 22, 2008, in response to a writ of habeas corpus filed by the State, the trial judge issued an order to the Jefferson Parish Correctional Center to transport the defendant from the LaSalle Parish Correctional Center to court for a hearing on August 8, 2008.
On August 1, 2008, the defendant was arraigned, a new hearing date of September 8, 2008, was given for motions, and the defendant was remanded to the Jefferson Parish Prison. The attachment of June 29, 2007, was recalled, and counsel was appointed for the defendant. The defendant filed omnibus motions on August 5, 2008. In response to the State’s writ of habeas corpus, the trial judge issued an order on August 19, 2008, to the LaSalle Correctional Center and the Jefferson Parish Correctional Center to transport the defendant from the LaSalle Correctional Center to court for a hearing on September 8, 2008. However, the record shows that on August 25, 2008, the defendant was released from the Jefferson Parish Correctional Center due to prison overcrowding. On the date of his release, he signed an appearance bond, in which he agreed to appear in court on September 8, 2008. In the bond, the defendant listed a Sebring, Florida address. Also, on the date of his release, August 25, 2008, the defendant sent the court a letter, marked as filed August 28, 2008, informing it that he was currently housed at the Jefferson Parish Correctional Center and that he wished to resolve the charges against him. The matter was set for hearing on October 14, 2008.
On September 8, 2008, the defendant did not appear for the motion hearing, and the court continued it to October 14, 2008. The September 8, 2008 minute Rentry also reflected that the defendant was incarcerated in the LaSalle Correctional Center.
In response to the State’s writ of habeas corpus, the court, on September 11, 2008, issued an order to the Jefferson Parish Correctional Center and the LaSalle Correctional Center to produce the defendant in court on October 14, 2008. On October 14, 2008, the defendant did not appear for the motion hearing, and the trial judge ordered that an attachment be issued for the defendant at the request of the State. In response to another writ of habeas corpus filed by the State, the trial judge issued an order on October 22, 2008, to the Jefferson Parish Correctional Center and to the LaSalle Correctional Center to produce the defendant in court on December 1, 2008.
On October 27, 2008, the defendant was arrested, and on October 28, 2008, he was released from the Jefferson Parish Correctional Center without bond and given a November 11, 2008 court date. At that time, the defendant gave a Piety Street address. A minute entry from November *984 5, 2008, reflected that the arrest warrant issued on October 14, 2008, was satisfied because the defendant had been “arrested on Attachment.” On December 1, 2008, the defendant did not appear in court for the motion hearing, and the trial judge ordered that an attachment be issued for the defendant at the request of the State. Thereafter, the defendant filed a pro se writ of habeas corpus stating that he was being illegally held in Orleans Parish Prison for a violation of LSA-R.S. 14:60 (aggravated burglary), and asking to be brought to court on February 6, 2009.[1] That writ was signed on December 5, 2008.
|fiOn December 16, 2008, in response to the State’s writ of habeas corpus, the trial judge ordered the Jefferson Parish Correctional Center and the LaSalle Correctional Center to produce the defendant in court for a hearing on February 6, 2009. On February 6, 2009, the defendant did not appear for the hearing, and the court continued it to April 8, 2009, at the request of defense counsel. The minute entry further reflected that the defendant was incarcerated in the LaSalle Correctional Center. On February 11, 2009, in response to the State’s writ of habeas corpus, the trial judge ordered the Jefferson Parish Correctional Center and the La-Salle Correctional Center to produce the defendant in court on April 8, 2009. Thereafter, on March 24, 2009, the defendant filed a writ of habeas corpus stating that he was in Orleans Parish Prison and asking to be brought to court; however, the pleading was marked “no service.”
On April 2, 2009, in response to the State’s writ of habeas corpus filed on April 1, 2009, the trial judge ordered the Orleans Parish Prison and the Jefferson Parish Correctional Center to produce the defendant in court on April 3, 2009. The defendant did not appear for the motion hearing on April 3, 2009, and the trial judge ordered that an attachment be issued for the defendant at the request of the State. On April 21, 2009, in response to the State’s writ, the trial judge ordered the Orleans Parish Prison and the Jefferson Parish Correctional Center to produce the defendant in court on June 5, 2009.
On June 5, 2009, the defendant appeared in court, and written and oral notice was given to him for a June 15, 2009 trial date. On June 10, 2009, in response to the State’s writ of habeas corpus filed on June 9, 2009, the trial judge ordered the Orleans Parish Prison and the Jefferson Parish Correctional Center to produce the defendant in court on June 15, 2009. The defendant did not appear for trial on June 15, 2009. The trial was continued at the request of the defense [(¡attorney and was reset for June 18, 2009. The reason for the continuance was “need writ.” On June 16, 2009, in response to the State’s writ, the trial judge ordered the Orleans Parish Prison and the Jefferson Parish Correctional Center to produce the defendant in court on June 18, 2009; however, the writ was marked “moot,” noting that the defendant had been in the Jefferson Parish Correctional Center as of June 15, 2009, at 2:00 p.m.
On June 18, 2009, the defendant did not appear for trial as he was in an unknown facility at that time. The trial was continued at the request of the defense attorney and was reset for August 3, 2009. The reason for the continuance was “need *985 writ.” At some point in time, the defendant filed a pro se motion for dismissal of the prosecution or motion to quash. On June 19, 2009, the defendant’s motion to quash was denied. The defendant was given oral notice of the August 3, 2009 trial date, and he was remanded to the Orleans Parish Prison. On June 29, 2009, in response to the State’s writ of habeas corpus, the trial judge ordered the Orleans Parish Prison and the Jefferson Parish Correctional Center to produce the defendant in court on August 3, 2009. The defendant did not appear for trial on August 3, 2009, and the court issued an attachment for the defendant’s arrest.
On March 30, 2012, in response to the State’s writ, the trial judge ordered the Dabadie Correctional Center and the Jefferson Parish Correctional Center to produce the defendant in court on April 20, 2012. On April 20, 2012, the defendant appeared for a status hearing. At the request of the defense counsel, the hearing was continued to April 30, 2012, and oral notice was given to the defendant. The minute entry further reflected that the defendant was in Dabadie Correctional Center, and the attachment issued on August 3, 2009, was recalled.
On April 25, 2012, in response to the State’s writ, the trial judge ordered the Dabadie Correctional Center and the Jefferson Parish Correctional Center to 17produce the defendant in court on April 30, 2012. Thereafter, on April 27, 2012, the defendant filed a motion to quash the bill of information alleging that the time limitation for the commencement of trial had expired. On April 30, 2012, the trial judge heard and denied the defendant’s counseled motion to quash.
Following that denial, the defendant withdrew his not guilty pleas and pled guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976), reserving his right to appeal the trial court’s ruling on his motion to quash. The trial court then sentenced the defendant to six years imprisonment at hard labor on count one and to five years imprisonment at hard labor on count two, to run concurrently.
The State subsequently filed a bill of information alleging that the defendant was a second felony offender. After the defendant admitted the allegations of the multiple bill, the trial judge vacated the original sentence on count one and re-sentenced him pursuant to the provisions of LSA-R.S. 15:529.1 to imprisonment at hard labor for six years without benefit of probation or suspension of sentence, to run concurrently with the sentence imposed on count two. The defendant now appeals.

LAW AND ANALYSIS

On appeal, the defendant, in his pro se brief, and appointed counsel, in his appellate brief, argue that the trial court erred in denying the motion to quash. The defendant contends that the time limitation for commencement of trial expired under LSA-C.Cr.P. arts. 532(7) and 578(A)(2); therefore, the trial court should have granted his motion to quash. In response, the State contends that although the defendant was not brought to trial within two years, the time period to try him was both interrupted and suspended; therefore, at the time the defendant pled guilty, it was still within the prescriptive period to bring him to trial.
| ^Pursuant to LSA-C.Cr.P. art. 578(A)(2), the State must commence trial within two years from the date of institution of the prosecution in non-capital felony cases. The date of institution of prosecution is the date when the bill of information is filed. State v. Watts, 99-57 (La.App. 5 Cir. 5/19/99), 738 So.2d 628, 629. Upon expiration of this time *986 limitation, the court shall, on motion of the defendant, dismiss the indictment and there shall be no further prosecution against the defendant for that criminal conduct. LSA-C.Cr.P. art. 581. A motion to quash is the proper procedural vehicle for claiming an untimely commencement of trial. LSA-C.Cr.P. art. 582(7); State v. Rome, 93-1221 (La.1/14/94), 630 So.2d 1284, 1286.
When a defendant has filed an apparently meritorious motion to quash based on prescription, the State bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. State v. Smith, 07-959 (La.App. 5 Cir. 3/11/08), 982 So.2d 831, 835. The Louisiana Supreme Court has held that “[b]ecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court’s discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court’s discretion.” State v. Love, 00-3347 (La.5/23/03), 847 So.2d 1198, 1206.
LSA-C.Cr.P. art. 579 provides for the interruption of time limitations as follows:
A.The period of limitation established by Article 578 shall be interrupted if:
(1) The defendant at any time, with the purpose to avoid detection, apprehension, or prosecution, flees from the state, is outside the state, or is absent from his usual place of abode within the state; or
|9(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
(3) The defendant fails to appear at any proceeding pursuant to actual notice, proof of which appears of record.
B.The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.
To satisfy its burden in establishing that an interruption of the prescriptive period has occurred, the State is required to exercise due diligence in discovering the whereabouts of the defendant as well as in taking the appropriate steps to secure his presence for trial once it has found him. State v. Smith, 982 So.2d at 835-836.
LSA-C.Cr.P. art. 580 provides that the time limitation is suspended when a defendant files a motion to quash or other preliminary plea. A preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial. These pleadings include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. State v. Quinones, 03-907 (La.App. 5 Cir. 12/30/03), 864 So.2d 824, 827. The period is suspended until the ruling of the court, but in no case shall the State have less than one year after the ruling to commence trial. State v. Jones, 620 So.2d 341, 342 (La.App. 5 Cir.1993).
In this case, the State instituted prosecution on June 13, 2007, by the filing of a bill of information. Under LSA-C.Cr.P. art. 578(A)(2), trial should have begun on or before June 13, 2009. The State clearly did not commence trial during this time frame. However, we find that the State met its burden of proving that this two-year period for bringing the defendant to trial was suspended and/or | ^interrupted, and therefore, there was no basis for granting the defendant’s motion to quash.
*987 On August 5, 2008, prior to the expiration of the two-year prescriptive period, the defendant filed “Omnibus Motions and Order for Pre-Trial Motions.” Those omnibus motions included a motion to suppress the statements, a request for discovery and bill of particulars, a motion to suppress the evidence, and a motion to suppress the identification. Pursuant to LSA-C.Cr.P. art. 580, the running of the periods of limitation established by LSA-C.Cr.P. art. 578 shall be suspended until the ruling of the court thereon. On April 30, 2012, the defendant pled guilty as charged. At the time of the defendant’s plea, the trial court had not ruled on these motions. Therefore, the time limitations established by LSA-C.Cr.P. art. 578 were suspended from August 5, 2008, until April 30, 2012, when the defendant pled guilty.
In addition to proving that the time limitation was suspended, the State also proved that it was interrupted pursuant to the provisions of LSA-C.Cr.P. art. 579(A)(2) and (3) providing that the defendant’s presence could “not be obtained by legal process, or for any other cause beyond the control of the state” and that the defendant failed to appear in court on numerous occasions pursuant to actual notice, proof of which appeared in the record. In this case, there were at least two occasions where the defendant signed appearance bonds and then failed to appear for court. On May 16, 2007, the defendant signed an appearance bond, in which he agreed to appear for the June 29, 2007 hearing; however, he failed to appear. The defendant signed another appearance bond on August 25, 2008, agreeing to appear in court on September 8, 2008. Once again, he failed to appear.
Additionally, the record reflects that the State used due diligence in attempting to discover the whereabouts of the defendant as well as in taking |n the appropriate steps to secure his presence for trial once it found him. The State filed numerous writs of habeas corpus ad prosequendum in order to obtain the defendant’s presence in court. In response to the State’s writs, the trial judge ordered different correctional centers and prisons to produce the defendant for various court appearances. Despite a writ being filed, the defendant failed to appear in court on October 14, 2008. Although the defendant did not appear in court on December 1, 2008, and February 6, 2009, it appears that the writs to produce the defendant on those dates may have been directed to an institution in which the defendant was not incarcerated. Nevertheless, despite another writ being filed directed to the allegedly correct institution (Orleans Parish Prison), the defendant failed to appear in court again on April 3, 2009.
In response to another writ, the defendant finally appeared in court on June 5, 2009, which was still within the two-year time period, and was given written and oral notice for a June 15, 2009 trial date. Additionally, in response to another writ, the trial judge ordered Orleans Parish Prison to produce the defendant in court on June 15, 2009. However, he did not appear for trial on June 15, 2009. The defendant also failed to appear for trial on August 3, 2009, despite being given oral notice and another writ being filed.
Given the defendant’s failures to appear and the State’s consistent attempts to bring the defendant to court, we find that the State met its burden of proving that the time limitations of LSA-C.Cr.P. Article 578 were interrupted pursuant to the provisions of LSA-C.Cr.P. art. 579(A)(2) and (3). Although the record does not reflect that the State attempted to locate the defendant between August 3, 2009, and April 20, 2012, the Louisiana Supreme Court has found that LSA-C.Cr.P. art. *988 579(A)(3) does not impose on the State the affirmative duty to search for a defendant who has failed to appear for trial after receiving actual notice. State v. Romar, 07-2140 (La.7/1/08), 985 So.2d 722, 727. See also State v. Baptiste, 08-2468 (La.6/23/10), 38 So.3d 247.
Having found that the State met its heavy burden of proving that an interruption and/or a suspension occurred, we find no abuse of discretion in the trial court’s denial of the defendant’s motion to quash. Accordingly, the arguments raised by the defendant in this assigned error are without merit.

ERROR PATENT REVIEW

We have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920. Our review reveals that although the commitment reflects that the defendant was properly advised of the prescriptive period for filing an application for post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8, the transcript reflects an incomplete advisal. The transcript reflects that at the time of the original and enhanced sentencing, the trial judge advised the defendant he had “two years from the date the sentence becomes final to file post conviction relief applications.” However, the commitment shows that the trial judge advised defendant he had “two years after judgment of conviction and sentence has become final to seek post-conviction relief.”
This Court has held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence become final is incomplete. State v. Grant, 04-341 (La.App. 5 Cir. 10/26/04), 887 So.2d 596, 598. This Court now routinely corrects this error patent by way of its opinion. As such, we advise the defendant, by way of this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. arts. 914 or 922. State v. Cox, 11-892 (La.App. 5 Cir. 4/10/12), 93 So.3d 632, 637.
113For the reasons set forth herein, we find no error in the trial court’s denial of the defendant’s motion to quash, and accordingly, we affirm the defendant’s convictions and sentences.

AFFIRMED

. In his pro se writ, the defendant requested his release from the "Jefferson Parish Correction Office." However, it appears that he was actually in the Orleans Parish Prison. In the writ, the defendant stated that he was in the custody of Criminal Sheriff Marlin Gusman and gave an address of 3000 Perdido Street, which is the address of Central Lockup in Orleans Parish.